OPINION
{¶ 1} Appellant, Darrell Cobb, appeals from a judgment of the Portage County Court of Common Pleas, granting summary judgment to appellee, Mantua Township Board of Trustees. For the reasons set forth below, we affirm the judgment of the trial court.
 {¶ 2} Juanita Sue Cobb ("Ms. Cobb"), appellant's wife for over forty years, passed away on April 25, 1998. Ms. Cobb was buried on April 28, 1998, at Westlawn Cemetery, in Mantua Township, Portage County, Ohio. The burial plot was selected by appellant prior to the date of burial, and appellant also selected an additional plot for himself in the future. Appellant alleges he made these arrangements with the cemetery sexton, John Vechery ("Mr. Vechery"), but the record does not contain any evidence demonstrating with whom appellant contracted when purchasing the burial plots. The record also reveals Mr. Vechery was deposed, but a transcript of the deposition is not contained within the record.
 {¶ 3} On approximately September 14, 1998, appellant contracted with Solon Granite Company ("Solon Granite") for a double tombstone monument for his wife and himself. Appellant paid $1,250 for the monument, $114 for a concrete cemetery footer on which the monument would be placed, and $84 in sales tax. Solon Granite informed appellant that it would order the footer from the cemetery sexton, and appellant would pay Solon Granite in full. The monument thus totaled $1,448 and was paid in full.
 {¶ 4} On October 19, 1998, appellant visited his wife's burial plot and discovered a hole that had been dug for a footer, and the hole was covered with plywood. Upon closer review, and by looking under the plywood, appellant alleged he found that his wife's burial vault was placed at an angle, and the vault of another individual encroached into the grave site which was designated for appellant and his wife.
 {¶ 5} On January 28, 1999, appellant filed a complaint against, inter alia, appellee, alleging intentional infliction of emotional distress, negligent infliction of emotional distress, negligence, and breach of contract. Appellant also sought declaratory relief with respect to the constitutionality of R.C. Chapter 2744.
 {¶ 6} Appellee moved for summary judgment, and the trial court granted appellee's motion on appellant's tort claims. Appellant thereafter voluntarily dismissed his remaining claims and appealed the judgment entry of the trial court.[1] We affirmed the trial court's decision. Cobb v. Mantua Twp. Bd. ofTrustees, 11th Dist. No. 2000-P-0127, 2001-Ohio-8722. It is worth noting that because appellant's constitutional challenge and breach of contract claim survived summary judgment and were subsequently dismissed prior to the appeal, those issues were never before our court.
 {¶ 7} Appellant filed a second complaint against appellee on November 13, 2001, putting forth only two causes of action. First, appellant alleged breach of contract, stating that he contracted with appellee "* * * to appropriate and properly perform dignified internment services on his behalf * * *" and that appellee breached said contract. As a result, appellant alleged that he suffered severe emotional damage.
 {¶ 8} Second, appellant alleged that because R.C. Chapter 2744 "* * * immunizes the operation of township cemeteries from suit and fails to immunize the operation of municipal or other cemeteries from suit, such Chapter is in violation of the Equal Protection Provisions of the United States and Ohio Constitutions." Ultimately, appellant prayed for a declaratory judgment, declaring R.C. Chapter 2744 unconstitutional and for compensatory damages in a sum to exceed $25,000 and costs.
 {¶ 9} Appellee timely answered and alleged various affirmative defenses, including immunity and lack of privity. Despite this, appellee admitted that a hole was dug for the footer of the monument, and at that time it was found that another burial vault was slightly encroaching. Appellee also admitted that while attempting to dig the footer, the vault of Ms. Cobb may have been accidentally struck.
 {¶ 10} According to appellant's discovery responses, he suffered mental and emotional distress, humiliation, loss of sleep, and physical ailments arising from the emotional distress. Appellant estimated his damages to be in excess of $25,000, as also alleged in the complaint. He denied receiving psychological or psychiatric treatment or counseling as a result of the incident.
 {¶ 11} Appellee filed a motion for summary judgment on February 28, 2003. According to the motion, appellant did not have a cognizable breach of contract claim against appellee because there existed no privity of contract between the parties. Appellee also argued that appellant's constitutional challenge to R.C. Chapter 2744 failed as a matter of law pursuant toFahnbulleh v. Strahan, 73 Ohio St.3d 666, 1995-Ohio-295.
 {¶ 12} Appellee attached to its motion the contract which appellant entered into with Solon Granite and an affidavit, dated February 25, 2003, signed by Victor Grimm ("Mr. Grimm"), trustee of Mantua Township. The contract reveals that Solon Granite was to provide the headstone and footer. All amounts were paid in full.
 {¶ 13} The affidavit indicates that Westlawn Cemetery was owned and operated by Mantua Township. According to the affidavit, individuals can purchase grave plots in the cemetery, but they do not contract directly with Mantua Township. The affidavit, however, failed to indicate with whom a purchaser would contract. The affidavit also stated that appellant contracted with Solon Granite, which thereafter subcontracted with Mantua Township, to dig the footer for the headstone on Ms. Cobb's grave. According to Mr. Grimm, Mantua Township never entered into any agreement or contract with appellant.
 {¶ 14} Appellant replied to appellee's motion for summary judgment. Appellant attached to his reply an affidavit, signed by himself and dated April 21, 2003. According to the affidavit, "* * * since October 1998, [appellant] has been hospitalized at University Hospital and at St. Luke's Hospital for various conditions including, but not limited to, depression, malnutrition, Tylenol poisoning, pneumonia[,] and bladder and kidney infections." Further, the affidavit stated that appellant believed that these conditions were stress-related and due to the incident that is the subject of the instant matter. Appellant further stated that, although he had not sought treatment for mental and emotional distress, humiliation, and loss of sleep, the relationship of these to the "* * * physical problems has led to severe and sometimes debilitating conditions."
 {¶ 15} The trial court issued a judgment entry, dated September 17, 2003, granting appellee's motion for summary judgment. According to the trial court, Mantua Township was a contractor of Solon Granite, as "[Solon Granite] * * * contracted with Mantua Township to dig the headstone footer. As there is no privity of contract between [appellant] and Mantua Township, [appellant] cannot maintain an action for breach of contract against Mantua Township." The court then followed Fahnbulleh
and determined that appellant could not maintain an action for declaratory relief. Accordingly, the trial court stated that "[u]pon review and consideration of the motions, pleadings, exhibit, interrogatories, and affidavits filed herein, and construing the evidence most strongly in favor of [appellant], the Court finds that there exists no genuine issues of material fact, and that Mantua Township is entitled to judgment as a matter of law on [appellant's] claims." The trial court thus granted appellee's motion for summary judgment.
 {¶ 16} From this judgment, appellant appeals and sets forth the following assignments of error for our consideration:
 {¶ 17} "[1.] The court erred in granting summary judgment on Plaintiff's contract claim.
 {¶ 18} "[2.] The court erred in granting summary judgment on Plaintiff's Chapter 2744 claim."
 {¶ 19} An appellate court reviews a trial court's decision on a motion for summary judgment de novo. Grafton v. Ohio EdisonCo., 77 Ohio St.3d 102, 105, 1996-Ohio-336. Pursuant to Civ.R. 56, summary judgment is appropriate when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can reach only one conclusion, which is adverse to the party against whom the motion is made, such party being entitled to have the evidence construed most strongly in his favor. Civ.R. 56(C);Mootispaw v. Eckstein, 76 Ohio St.3d 383, 385, 1996-Ohio-389;Leibreich v. A.J. Refrigeration, Inc., 67 Ohio St.3d 266, 268,1993-Ohio-12; Bostic v. Connor (1988), 37 Ohio St.3d 144, 146.
 {¶ 20} Material facts are those facts that might affect the outcome of the suit under the governing law of the case. Turnerv. Turner, 67 Ohio St.3d 337, 340, 1993-Ohio-176, citingAnderson v. Liberty Lobby, Inc. (1986), 477 U.S. 242, 248. To determine what constitutes a genuine issue, the court must decide whether the evidence presents a sufficient disagreement to require submission to a jury, or whether it is so one-sided that one party must prevail as a matter of law. Turner at 340.
 {¶ 21} A party seeking summary judgment on the grounds that the nonmoving party cannot prove its case bears the initial burden of informing the trial court of the basis for the motion and of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claim. Dresher v. Burt,75 Ohio St.3d 280, 1996-Ohio-107. Accordingly, the moving party must specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claim. Id. If the moving party satisfies its initial burden under Civ.R. 56(C), the nonmoving party has the reciprocal burden to respond, by affidavit or as otherwise provided in the rule, so as to demonstrate that there is a genuine issue of fact. Id. However, if the nonmoving party fails to do so, then the trial court may enter summary judgment against that party. Id.
 {¶ 22} Before we turn to the merits of appellant's assignments of error, we note that appellant incorrectly argues that the previous matter and related appeal resolved these issues. In the prior action, the trial court granted summary judgment to appellee on appellant's tort claims. Appellant's constitutional challenge and breach of contract claim survived summary judgment, but appellant dismissed these claims, without prejudice, to pursue an immediate appeal of the trial court's grant of summary judgment on the tort claims.[2] As such, only the propriety of summary judgment on the tort claims was before this court; we affirmed the trial court's judgment. Our prior decision thus did not resolve the issues in the instant appeal.
 {¶ 23} We now turn to the merits of appellant's assignments of error. In appellant's first assignment of error, he argues that the trial court erred in granting summary judgment to appellee on his contract claim. Although he admits there was no privity of contract between the parties, appellant argues that Solon Granite was acting as his agent when subcontracting with Mantua Township to provide the footer. Appellant brings our attention to the law of agency. Ultimately, appellant's first assignment of error is not well-taken.
 {¶ 24} The record indicates that, in his breach of contract claim, appellant has failed to allege appropriate contract damages. The measure of contract damages is the amount lost as a result of the breach. Restatement of the Law 2d, Contracts (1981) 112, Section 347. In other words, "[d]amages for breach of contract `are those which are the natural or probable consequence of the breach of contract or damages resulting from the breach that were within the contemplation of both parties at the time of making of the contract.'" Campbell Hospitality, Inc. v. Shinn,
5th Dist. No. 02 CA 104, 2003-Ohio-5165, at ¶ 22, quoting TheToledo Group, Inc. v. Benton Indus. (1993), 87 Ohio App.3d 798,806.
 {¶ 25} In the instant matter, appellant alleged breach of contract in his complaint, stating that he contracted with appellee "* * * to appropriate and properly perform dignified internment services on his behalf * * *" and that appellee breached said contract. As a result of this alleged breach, appellant alleged that he suffered severe emotional damage.
Appellant detailed this alleged damage in an affidavit attached to his reply to appellee's motion for summary judgment.
 {¶ 26} According to the affidavit, "* * * since October 1998, [appellant] has been hospitalized at University Hospital and at St. Luke's Hospital for various conditions including, but not limited to, depression, malnutrition, Tylenol poisoning, pneumonia[,] and bladder and kidney infections." Further, the affidavit stated that appellant believed that these conditions were stress-related and due to the alleged breach of contract.
 {¶ 27} An individual cannot recover for emotional distress damage unless he puts forth a tort claim of negligent infliction of emotional distress or intentional infliction of severe emotional distress. A person can recover for negligent infliction of severe emotional distress when he "witnessed or experienced a dangerous accident and/or was subjected to an actual physical peril." Kulch v. Structural Fibers, Inc., 78 Ohio St.3d 134,163, 1997-Ohio-219, citing Heiner v. Moretuzzo (1995),73 Ohio St.3d 80, 85-87. An individual can recover for intentional infliction of severe emotional distress when a defendant, "`by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress in [the plaintiff] * * *.'" Yeager v.Local Union 20, Teamsters, Chauffers, Warehousemen Helpers ofAmerica (1983), 6 Ohio St.3d 369, 374, quoting Restatement of the Law 2d, Torts (1969) 71, Section 46(1).
 {¶ 28} The instant matter involves a contract claim, and appellant is thus precluded from recovering damages due to emotional distress. We also note that appellant alleged negligent infliction of emotional harm and intentional infliction of emotional harm in the prior suit connected with the facts of that matter. In that first suit, the trial court granted summary judgment to appellee on appellant's tort claims. Appellant appealed that grant of summary judgment, and we affirmed the judgment of the trial court. See Cobb.
 {¶ 29} Even if appellant had properly alleged contract damages, his argument still fails. Appellee put forth evidence of the type listed in Civ.R. 56(C) demonstrating that there existed no privity of contract between the parties. Appellee thus satisfied its burden to put forth evidence demonstrating the absence of a genuine issue of material fact as to appellant's claim for breach of contract.
 {¶ 30} In appellant's reply brief, appellant did not address agency. However, the brief stated that it incorporated all arguments made in appellant's reply to appellee's motion for summary judgment in the previous matter. In that brief, interestingly made part of the record only on appeal, appellant summarily argued that Solon Granite operated as appellant's agent when subcontracting for the footer. Other than this bald non-evidential assertion, appellant failed to put forth any other evidence in the form of affidavits, deposition testimony, or exhibits to demonstrate that Solon Granite acted as his agent.
 {¶ 31} Mere allegations in appellant's pleadings are insufficient to affirmatively demonstrate a genuine issue of material fact. Dresher at 293. Appellant thus failed to meet his reciprocal burden to affirmatively demonstrate a genuine issue of material fact as to his claim for breach of contract. Accordingly, the trial court properly granted summary judgment to appellee on appellant's claim for breach of contract, and appellant's first assignment of error is without merit.
 {¶ 32} In appellant's second assignment of error, he argues that the trial court erred by granting summary judgment to appellee on his R.C. Chapter 2744 claim. Although this assignment is technically moot based on the foregoing analysis, we will address its merits because the assignment raises an issue capable of repetition. Ultimately, this argument has merit.
 {¶ 33} R.C. Chapter 2744 grants immunity to political subdivisions and their employees from tort claims. However, R.C. Chapter 2744 does not provide immunity from claims for breach of contract. LRL Properties v. Portage Metro. Housing Auth. (Dec. 17, 1999), 11th Dist. No. 98-P-0070, 1999 Ohio App. LEXIS 6130, 27. The trial court thus erred by determining that appellee was immune from liability in this contract matter. However, in this matter, this issue is moot based on our analysis of appellant's first assignment of error.
 {¶ 34} In conclusion, appellant's first assignment of error is not well-taken, and appellant's second assignment of error is moot. We hereby affirm the judgment of the trial court.
Ford, P.J., O'Neill, J., concur.
[1] Pursuant to Denham v. New Carlisle, 86 Ohio St.3d 594,1999-Ohio-128, the grant of summary judgment to only one of multiple defendants becomes a final appealable order when the plaintiff voluntarily dismisses the remaining defendants. Extending this logic, the grant of summary judgment on one of multiple claims, and denying summary judgment on the remaining claims, becomes a final appealable order when the plaintiff voluntarily dismisses the claims that survived summary judgment. As such, this order became a final appealable order upon appellant's voluntary dismissal of his contract claims. The matter in Cobb was therefore properly before this court.
[2] As stated, the order granting summary judgment in part, and denying summary judgment in part, became a final appealable order upon appellant's voluntary dismissal of his contract claims. See, e.g., Denham.