[Cite as *Emergency Med. Transport, Inc. v. Massillon*, 2011-Ohio-446.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| EMERGENCY MEDICAL TRANSPORT, INC. | JUDGES:<br>Hon. Julie A. Edwards, P.J.<br>Hon. W. Scott Gwin, J. |
| Plaintiff-Appellant/Cross-Appellee | Hon. William B. Hoffman, J. |
| -vs- | Case No. 2010CA00176 |
| CITY OF MASSILLON, OHIO, ET AL. | O P I N I O N |
| Defendants-Appellees/Cross-Appellants | |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Stark County Court of Common Pleas,<br>Case No. 2010CV00080 |
| JUDGMENT: | Reversed and Remanded |
| DATE OF JUDGMENT ENTRY: | January 31, 2011 |

APPEARANCES:

| For Plaintiff-Appellant | For Defendants-Appellees |
|---|---|
| JOHN A. MURPHY, JR.<br>ROBERT J. MCBRIDE<br>KRISTEN S. MOORE<br>Day Ketterer Ltd.<br>Millennium Centre-Suite 300<br>200 Market Avenue North<br>P.O. Box 24213<br>Canton, Ohio 44701-4213 | GREGORY A. BECK<br>Baker, Dublikar, Beck, Wiley & Mathews<br>400 S. Main St.<br>North Canton, Ohio 44720 |

*Hoffman, J.*

{¶1} Plaintiff-appellant/Cross-Appellee Emergency Medical Transport, Inc. ("EMT") appeals the June 7, 2010 Judgment Entry of the Stark County Court of Common Pleas entering judgment in favor of Defendants-appellees/ Cross-appellants the City of Massillon, Ohio, Hon. Francis H. Cicchinelli, Jr., Glen Gamber, Ronald Mang, Gary Anderson, Katherine Catazaro-Perry, Tony M. Townsend, Donnie Peters, Jr., David K. McCune, Paul Manson, Larry Slagle, David Hersher and Thomas Burgasser ("Appellees").

{¶2} On cross-appeal Appellees/Cross-appellants appeal the trial court's failure to grant the City of Massillon governmental immunity in the within action.

STATEMENT OF THE FACTS AND CASE

{¶3} Appellant EMT is a private ambulance service provider doing business in the City of Massillon. EMT had engaged in receiving calls on a rotational basis from the City's Dispatch Center to provide transport to local hospital emergency rooms.

{¶4} In 2007, the transport calls were shared with another private ambulance company. At some point, the City ceased the rotation in favor of diverting all calls to the competing ambulance company. Appellant filed suit against the City of Massillon on July 20, 2007 in *Emergency Medical Transport, Inc. v. City of Massillon, Ohio,* Case No. 2007CV02971.

{¶5} Following settlement negotiations, the parties entered into a Mutual Release of All Claims ("Release"). The Release was executed by Kenneth Joseph, President of EMT, Michael Loudiana, in his capacity as the safety service Director of the City of Massillon, and Thomas Burgasser, individually and as Fire Chief for the City of

Massillon. The terms of the Release provided for EMT to be included in the ambulance rotation on a 50% basis.

{¶6} On November 2, 2009, the City of Massillon passed two city ordinances effectively eliminating 50% of the ambulance calls received by EMT. EMT initiated the within action asserting claims of breach of contract, violations of substantive due process, unconstitutional impairment of contract, declaratory judgment , fraudulent inducement and injunctive relief.

{¶7} Both parties filed a motion for summary judgment. Via Judgment Entry of June 7, 2010, the trial court entered summary judgment in favor of Appellees finding the Release void, and suggesting EMT should be permitted to reinstitute its prior 2007 lawsuit.

{¶8} EMT now appeals, assigning as error:

{¶9} "I. THE TRIAL COURT ERRED IN DETERMINING THAT THE MUTUAL RELEASE OF ALL CLAIMS IS VOID FOR UNCERTAINTY."

{¶10} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 36. Civ.R. 56(C) provides, in pertinent part:

{¶11} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be

rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."

{¶12} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Vahila v. Hall,* 77 Ohio St.3d 421, 429, 1997-Ohio-259, citing *Dresher v. Burt,* 75 Ohio St.3d 280, 1996-Ohio-107.

{¶13} It is based upon this standard we review EMT's assignment of error.

{¶14} EMT asserts the trial court erred in determining the Release was void for uncertainty. EMT maintains there is a genuine issue of material fact as to the duration of the contract intended by the parties, which is created by the circumstances and representations existing at the time of execution. As a result, EMT argues it is necessary to look beyond the four corners of the contract to resolve the ambiguity. Specifically, EMT argues the fact finder should be allowed to consider evidence as to all

the circumstances surrounding the execution of the Release and each party's intent in executing the Release.

{¶15} The purpose of contract construction is to effectuate the intent of the parties. *Kelly v. Medical Life Ins. Co.* (1987), 31 Ohio St.3d 130; *Skivolocki v. East Ohio Gas Co.* (1974), 38 Ohio St.2d 244, 67 O.O.2d 321, 313 N.E.2d 374, paragraph one of the syllabus. The intent of the parties to a contract is presumed to reside in the language they chose to employ in the agreement. *Id.; Blosser v. Enderlin* (1925), 113 Ohio St. 121, 148 N.E. 393, paragraph one of the syllabus. A court will resort to extrinsic evidence in its effort to give effect to the parties' intentions only where the language is unclear or ambiguous, or where the circumstances surrounding the agreement invest the language of the contract with a special meaning. See *Blosser, supra,* at paragraph two of the syllabus; 4 Williston on Contracts (3 Ed.1961) 532-533, Section 610B.

{¶16} The Release at issue does not contain a specific term as to duration, and includes the following language:

{¶17} "Each of the parties hereto warrants that no promise or inducement has been offered except as herein set forth; that this Release was executed without relying upon any statements or representation by the parties released, or their legal representatives, concerning the nature and extent of any legal liability; that this settlement and compromise are made to terminate further controversy respecting any and all claims for damages that any of the parties hereto have heretofore asserted with respect to the matters set forth in the pleadings in Case No. 2007CV02971."

**{¶18}** In *Inland Refuse Transfer Co. v. Browning-Ferris Industries of Ohio, Inc.* (1984), 15 Ohio St.3d 321, the Ohio Supreme Court, in construing a contract which lacked a durational term, held:

**{¶19}** "If a contract is clear and unambiguous, then its interpretation is a matter of law and there is no issue of fact to be determined. *Alexander v. Buckeye Pipe Line Co.* (1978), 53 Ohio St.2d 241, 374 N.E.2d 146 [7 O.O.3d 403]. However, if a term cannot be determined from the four corners of a contract, factual determination of intent or reasonableness may be necessary to supply the missing term. *Hallet & Davis Piano Co. v. Starr Piano Co.* (1911), 85 Ohio St. 196, 97 N.E. 377.

**{¶20}** "***

**{¶21}** "It is conceded that there is no term in the Land Contract that expressly states the duration of the Landfill Agreement. After a careful review of the record, we conclude there is also an absence of any provision whose sole possible interpretation clearly and unambiguously supports only one party's position as to duration. Inasmuch as reasonable minds could differ as to the termination date, summary judgment on the issue was inappropriate.

**{¶22}** "Next we turn to the issue of whether discovery was improperly denied to Inland.

**{¶23}** "The trial court's denial of discovery was premised on its conclusion that the express terms of the Land Contract provided the duration of the Landfill Agreement. The evidence sought would not have been admissible to contradict the express terms of the Agreement. *Blosser v. Enderlin* (1925), 113 Ohio St. 121, 148 N.E. 393. However, evidence is admissible when the court must construe an ambiguous or missing term. In

light of our conclusion that the express terms of the Land Contract did not provide for the duration of the Landfill Agreement, it follows that evidence would be admissible on that issue and discovery should be allowed."[1]

{¶24} The Release at issue did not state the durational term of the agreement. We conclude a factual determination of the parties' intent or reasonableness of duration is necessary to supply the missing term, pursuant to the rationale in *Inland Refuse*, supra. We find summary judgment on the issue was inappropriate.

{¶25} The judgment of the Stark County Court of Common Pleas is reversed, and the matter remanded for further proceedings.

CROSS-APPEAL

{¶26} On Cross-appeal Appellees/Cross-Appellants assign as error:

{¶27} "I. THE TRIAL COURT FAILED TO GRANT GOVERNMENTAL IMMUNITY TO THE CITY OF MASSILLON AND ITS REPRESENTATIVES WITH RESPECT TO APPELLANT'S CLAIMS."

{¶28} Ohio Revised Code Chapter 2744 grants immunity to political subdivisions and their employees from tort claims, but has no application to claims for breach of contract, constitutional claims, or claims seeking declaratory or injunctive relief. As the

---

[1] The Trial Court's June 7, 2010 Judgment Entry cites *Inland Refuse* in a footnote in order to distinguish the holding therein from the facts of this case. Specifically, the trial court states, "unlike the instant matter, the contract in *Inland Refuse* specifically referenced other documents that implied the duration of performance by the parties. Because such documents were specifically referenced by the contract, the Court found that there was a question of fact as to the duration of the contract and extrinsic evidence could be used to make such determination." However, we read *Inland Refuse* to hold the contrary, as the Supreme Court found there was an absence of any provision whose sole possible interpretation clearly and unambiguously supported only one party's position as to duration, whether in the original contract or the related documents. The Court went on to conclude parole evidence was admissible to construe the missing durational term.

trial court's entry considered the contractual issue of a durational term, the trial court did not err in not granting Appellees/Cross-appellants governmental immunity as to EMT's claims.

{¶29} Appellees/Cross-appellant's assigned error on cross-appeal is overruled.

{¶30} The June 7, 2010 Judgment Entry of the Stark County Court of Common Pleas is reversed, and the matter remanded to the trial court for further proceedings in accordance with the law and this opinion.

By: Hoffman, J.

Edwards, P.J. and

Gwin, J. concur

s/ William B. Hoffman _____
HON. WILLIAM B. HOFFMAN


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| EMERGENCY MEDICAL TRANSPORT, INC. | : | |
| | : | |
| | : | |
| Plaintiff-Appellant/Cross-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| CITY OF MASSILLON, OHIO, ET AL. | : | |
| | : | |
| Defendants-Appellees/Cross-Appellants | : | Case No. 2010CA00176 |

For the reasons stated in our accompanying Opinion, the June 7, 2010 Judgment Entry of the Stark County Court of Common Pleas is reversed, and the matter remanded to the trial court for further proceedings in accordance with the law and our opinion. Costs to Appellee/Cross-appellant on both the direct and cross-appeals.

s/ William B. Hoffman
HON. WILLIAM B. HOFFMAN

s/ Julie A. Edwards
HON. JULIE A. EDWARDS

s/ W. Scott Gwin
HON. W. SCOTT GWIN