OPINION
{¶ 1} Randall Jude, plaintiff-appellant, appeals from judgments of the Franklin County Court of Common Pleas granting summary judgment to Franklin County, Ohio ("Franklin County"); Sheriff James Karnes, Deputy Scott Blacker, Deputy Eric Carmen, Deputy Jesse Hatfield, Deputy Kenneth Valverde, Deputy Michael Wiley, Deputy John Stewart, Deputy Steve Simmons, and Corporal Martin Kapp, defendants-appellees.
 {¶ 2} On June 28, 2000, appellant was arrested for a probation violation and transported to the Franklin County Corrections Center I ("FCCCI"). Appellant requested special housing because he was homosexual, and such was noted on appellant's "slate sheet" and complied with. Appellant was then transported from FCCCI to Franklin County Corrections Center II ("FCCCII"). Although the slate sheet indicated appellant was to receive special housing, the deputy in charge of assigning inmates to cells apparently missed the notation and assigned appellant to a general population cell.
 {¶ 3} Sometime during his incarceration, deputies opened appellant's cell door, and appellant exited his cell and refused to return. There is a question as to what actually happened to appellant while he was in his cell. Appellant claims he was physically and sexually assaulted. Appellees claim appellant never reported any sexual abuse, but he did report to deputies that the other inmates were picking on him, throwing "waterballs" at him, hitting him with their sandals, smearing his clothes with toothpaste, taking his clothes, and urinating on his clothes. Appellant was then moved to a special cell, where he served the remainder of his incarceration. Appellant was released from jail on June 11, 2001.
 {¶ 4} On June 28, 2001, appellant filed an action in the Franklin County Court of Common Pleas against Franklin County, Sheriff Karnes, and John/Jane Does 1-15, alleging intentional infliction of emotional distress, ratification, interference with civil rights in violation of R.C. 2921.45, and two civil rights claims pursuant to Section 1983, Title 42, U.S.Code. The 1983 claims were removed to a federal district court on August 3, 2001 ("Jude I"). Appellant was then given an extension until March 15, 2002, to perfect service of his complaint. Appellant failed to amend his pleadings and identify any individual John/Jane Doe defendant or serve the John/Jane Doe defendants. On October 15, 2002, the defendants in Jude I filed a motion for summary judgment. On November 22, 2002, appellant filed a motion for leave to identify, join, and serve John/Jane Doe defendants instanter.
 {¶ 5} Also on November 22, 2002, appellant filed the present lawsuit in the Franklin County Court of Common Pleas naming appellees as defendants ("Jude II"). On December 26, 2002, appellees filed a motion to dismiss, pursuant to Civ.R. 12(B)(6), in Jude II, based upon jurisdictional priority and the statute of limitations. On May 6, 2003, the trial court filed a decision granting appellees' motion to dismiss, based upon the expiration of the statute of limitations. On May 9, 2003, appellant filed a motion for reconsideration of the trial court's decision.
 {¶ 6} On May 27, 2003, in Jude I, the federal court issued an order and opinion denying appellant's motion for leave to identify, join, and serve John/Jane Doe defendants instanter and granting the summary judgment filed by Franklin County and Sheriff Karnes. The federal court also overruled appellant's subsequent motion for reconsideration.
 {¶ 7} On May 29, 2003, in Jude II, appellees filed a notice of supplemental authority, to which it attached the federal court's May 27, 2003 opinion. The trial court denied appellant's motion for reconsideration on September 29, 2003, and found dismissal was warranted based upon the additional ground of res judicata. Appellant appeals both the May 6, 2003 and September 29, 2003 judgments of the trial court, asserting the following two assignments of error:
[I.] The Trial Court erred when it refused to apply the discovery rule and applied a two year statute of limitation to all of Plaintiff's claims, even claims with a four year statute of limitations.
[II.] The Trial Court erred when it applied the doctrine of res judicata to Defendants not been previously parties to a prior lawsuit over whom no court had exercised in personum [sic] jurisdiction and whose claims were not adjudicated upon their merits.
 {¶ 8} We will first address an argument raised by appellant applicable to both assignments of error. Under appellant's assignments of error, appellant argues that res judicata and the expiration of the statute of limitations are inappropriate grounds upon which to base a Civ.R. 12(B)(6) motion. A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint.State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs. (1992),65 Ohio St.3d 545, 548. In considering a Civ.R. 12(B)(6) motion to dismiss, a trial court cannot rely upon materials or evidence outside of the complaint. State ex rel. Fuqua v. Alexander
(1997), 79 Ohio St.3d 206, 207. The trial court must review only the complaint and may dismiss the case only if it appears "beyond a doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." O'Brien v. UniversityCommunity Tenants Union (1975), 42 Ohio St.2d 242, syllabus. Should a court choose to consider evidence outside the pleadings, it must convert the motion to dismiss into a motion for summary judgment and provide the parties with sufficient notice of its intent to do so. Civ.R. 12(B); State ex rel. The V. Cos. v.Marshall (1998), 81 Ohio St.3d 467, 470.
 {¶ 9} It is well-established that a Civ.R. 12(B)(6) motion is not the proper method for resolving a claim on the basis of res judicata, as any res judicata analysis must necessarily examine pleadings beyond the complaint. See Shaper v. Tracy (1995),73 Ohio St.3d 1211, 1212; State ex rel. Freeman v. Morris (1991),62 Ohio St.3d 107, 109. Further, in Freeman, the Ohio Supreme Court stated: "Civ.R. 8(C) designates res judicata an affirmative defense. Civ.R. 12(B) enumerates defenses that may be raised by motion and does not mention res judicata.
Accordingly, we hold that the defense of res judicata may not be raised by motion to dismiss under Civ.R. 12(B)." Id., at 109, citing Johnson v. Linder (1984), 14 Ohio App.3d 412. Instead, summary judgment is the preferred method by which to address res judicata. Cooper v. Highland Cty. Bd. of Commrs., Highland App. No. 01CA15, 2002-Ohio-2353, at ¶ 11.
 {¶ 10} We conclude that the trial court committed error by granting the motion to dismiss, pursuant to Civ.R. 12(B)(6), on the basis of res judicata. In granting the motion to dismiss based upon res judicata, the trial court clearly relied upon evidentiary materials outside the pleadings. Specifically, the trial court relied upon appellees' notice of supplemental authority, which included the May 27, 2003 order and opinion of the federal court granting the motion for summary judgment against appellant. Therefore, the trial court should have converted the motion into a motion for summary judgment and given the parties an opportunity to respond with proper materials under Civ.R. 12(B). See Helfrich v. Pataskala, Licking App. No. 02CA38, 2003-Ohio-847, at ¶ 35 (because appellees' motion to dismiss was based on materials and evidence outside of the pleadings, i.e., the ruling of the federal court, the motion should have been converted to a motion for summary judgment). Therefore, the trial court erred in dismissing appellant's complaint pursuant to Civ.R. 12(B)(6).
 {¶ 11} Similarly, with regard to the expiration of the statute of limitations, this affirmative defense is generally not properly raised in a Civ.R. 12(B)(6) motion, as it also typically requires reference to materials outside the complaint. Steinerv. Steiner (1993), 85 Ohio App.3d 513, 518. Only when a violation of the statute of limitations is apparent from the face of the complaint may such an affirmative defense be raised in a Civ.R. 12(B)(6) motion. Helman v. EPL Prolong, Inc. (2000),139 Ohio App.3d 231, 241; Ware v. Kowars (Jan. 25, 2001), Franklin App. No. 00AP-450. For there to be a conclusive showing in that regard, the complaint must show both: (1) the relevant statute of limitations; and (2) the absence of factors which would toll the statute or make it inapplicable. Id.
 {¶ 12} In the present case, we conclude that the trial court erred by granting the motion to dismiss, pursuant to Civ.R. 12(B)(6), based upon the expiration of the statute of limitations. Although the expiration of the statute of limitations may be raised in a Civ.R. 12(B)(6) motion when it is apparent from the face of the complaint, such expiration is not apparent from the face of the current complaint. Appellant's complaint does not indicate anywhere within its four corners precisely when appellant was transported to FCCCII or when the alleged attacks in the jail cell occurred. Although based upon later pleadings, we know appellant was transported to FCCCII within 24 hours of being placed in FCCCI, and the assaults occurred within 24 hours of being placed in the general population cell in FCCCII, such is not apparent from the face of the complaint. Without these key pieces of information, the trial court could not make any determination as to the expiration of the statute of limitations. The trial court's recitation in its decision of these missing facts is illustrative of its clear use of outside material to complete the partial factual background included in the complaint. These absent facts are significant because appellant was incarcerated until June 11, 2001; thus, the assaults could have hypothetically occurred at a later point during his incarceration, thereby causing at least some of his causes of action to fall within their respective statute of limitations. Therefore, the trial court improperly granted appellees' motion to dismiss based upon the expiration of the statute of limitations.
 {¶ 13} We also note that, even though appellant also attached various extraneous material to his pleadings, the trial court's error in examining matters beyond the complaint was not invited by appellant, as any invited error was negated by appellees' initial attachment of extraneous material to their motion to dismiss. See Keller v. Columbus, 100 Ohio St.3d 192,2003-Ohio-5599, at ¶ 16-17 (trial court's error in examining matters beyond the pleadings was not invited when the plaintiffs attached extraneous material to pleadings because the plaintiffs' invited error negated by the defendant's earlier attachment of extraneous material to its own motion to dismiss). Thus, appellant did not invite the error made by the trial court. For these reasons, the trial court erred in granting the motion to dismiss, pursuant to Civ.R. 12(B)(6), based upon the expiration of the statute of limitations and res judicata. Therefore, appellant's first and second assignments of error are sustained.
 {¶ 14} Accordingly, appellant's two assignments of error are sustained, the judgments of the Franklin County Court of Common Pleas are reversed, and this matter is remanded to that court for further proceedings consistent with this opinion.
Judgments reversed and cause remanded.
Bryant and Sadler, JJ., concur.