OPINION
{¶ 1} This is an appeal from an order of the court of common pleas dismissing an action pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted.
 {¶ 2} The complaint filed in the action alleges that on or about May 10, 2005, Plaintiff Christian Stutes, a Xenia police officer, "was required to use his service weapon to stop the aggressive actions of Defendant (Jonathan) *Page 2 
Harris" when Harris walked toward Officer Stutes while carrying a firearm, "[d]espite repeated warnings and instructions to lay down the gun." (Dkt 1, paragraph 3). It is conceded and agreed that Officer Stutes shot Harris.
 {¶ 3} The complaint further alleges that, in approaching Officer Stutes as he did, Defendant Harris acted "intentionally, negligently, wilfully and recklessly, and maliciously . . .," and that "[a]s a direct and proximate cause of Defendant's conduct, Plaintiff Christin Stutes sustained personal injuries, including, but not limited to, post-traumatic stress disorder and other personal injuries, extreme pain and suffering, mental anguish, emotional distress, humiliation, embarrassment, inconvenience, and an inability to enjoy his normal activities. His injuries are permanent. He has further suffered oppression as a result of said Defendant's conscious disregard of the rights of others." (Dkt., paragraph 3 and 4).
 {¶ 4} Stutes also alleged in his complaint that he has incurred medical expenses and lost wages as a proximate result of Harris's conduct. Stutes's wife, a co-plaintiff, alleged a loss of consortium.
 {¶ 5} Defendant Harris did not file a responsive pleading but instead filed a motion to dismiss pursuant to Civ.R. 12(B)(6). Attached to the motion were documents pertaining to a prior action that Harris had filed against Stutes in the same court, seeking a judgment for money damages against Stutes and the City of Xenia pursuant to 42 U.S.C. § 1983 for a violation of his civil rights arising from Officer Stutes's alleged use of excessive force in *Page 3 
shooting Harris. That action was subsequently removed to federal district court.
 {¶ 6} The trial court granted Harris's motion and dismissed the action, stating:
 {¶ 7} "A review of the Complaint clearly sets forth a cause of action for assault even though it is attempted to be couched in the terms of `personal injury.' The alleged injuries occurred from the Defendant's allege [sic] conduct toward the Plaintiff and not an automobile accident or other potentially negligent occurrence. Clearly, the statute of limitations on assault claims is one year and this occurrence, according to the Complaint, purportedly happened on May 10, 2005 and the Complaint was filed January 4, 2007. In addition, the civil action filed by the Defendant in this case as a plaintiff in the Greene County Common Pleas Court on May 9, 2006 has been removed to the Federal District Court and is currently pending before that Court. Any claim the Plaintiff in this case may have would arise from the same facts and occurrences and would be required to be presented as a counterclaim in the Federal Court." (Dkt. 10).
 {¶ 8} The Stuteses filed a timely notice of appeal.
FIRST ASSIGNMENT OF ERROR
 {¶ 9} "THE TRIAL COURT ERRED AS A MATTER OF LAW AND TO THE PREJUDICE OF APPELLANTS BY DISMISSING THEIR COMPLAINT ON THE BASIS OF RULE 12(b)(6) OF THE OHIO RULES OF CIVIL PROCEDURE *Page 4 
FINDING THEIR CLAIMS BARRED BY THE STATUTE OF LIMITATIONS FOR ASSAULT."
 {¶ 10} The function of a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim on which relief can be granted is to test the legal sufficiency of a statement of a claim for relief. Zeigler v. Bove, (Dec. 23, 1998), Richland App. No. 98CA65. In determining whether or not to grant a motion to dismiss pursuant to Civ.R. 12(B)(6), the court may not rely on evidence outside the complaint. Costoff v. Akron General MedicalCenter (March 5, 2003), Summit App. No. 21213, 2003-Ohio-962. A motion to dismiss that raises matters outside the pleadings must be converted to a Civ.R. 56 motion for summary judgment. Civ.R. 12(B)(6); Teague v.LTV Steel Co., (March 13, 2003), Mahoning App. No. 01CA38, 2003-Ohio-1228.
 {¶ 11} "In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted (Civ.R. 12(B)(6)), it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." O'Brien v. UniversityCommunity Tenants Union, Inc. (1975), 42 Ohio St.2d 242, syllabus by the court. "A court must construe all material allegations in the complaint and all inferences that may be reasonably drawn therefrom in favor of the nonmoving party." Faunbulleh v. Strahan, 73 Ohio St.3d 666, 667,1995-Ohio-195 (citation omitted).
 {¶ 12} When determining whether an action should be dismissed pursuant to Civ.R. 12(B)(6) for failure to state a claim on which relief can be *Page 5 
granted, "a trial court must examine the complaint to determine if the allegations provide for relief on any possible theory."Fahnbulleh at 667.
 {¶ 13} The tort of assault is the willful threat or attempt to harm or touch another offensively, which threat or attempt reasonably places the other in fear of such contact. Retterer v. Whirlpool Corp. (1999),111 Ohio App.3d 847. Willful conduct is voluntary and intentional. Black's Law Dictionary (7th Ed.).
 {¶ 14} The complaint alleges that Harris acted negligently or recklessly when he approached Officer Stutes with a gun in his hand. Conduct which is negligent or reckless is not willful, but is instead a failure to exercise a duty of ordinary care the law imposes. Therefore, the trial court erred when it limited the action the Stuteses filed as one alleging the willful tort of assault.
 {¶ 15} Having held that the claim for relief was for assault, and with reference to the date of the shooting alleged in the complaint, May 10, 2005, the court found that the claim for assault in the action the Stuteses commenced when they filed their complaint on January 4, 2007 is barred by the applicable statute of limitations, R.C. 2305.11, which requires an action or a claim of assault and battery to be commenced within one year after the claim accrued.
 {¶ 16} Generally, a cause of action accrues at the moment of a wrong, default, or delict by the defendant and injury of the plaintiff, if the injury, however slight, is complete at the time of the act. Kerns v.Schoonmaker (1831), 4 Ohio 331. However, when a bodily injury does not manifest itself *Page 6 
immediately, the cause of action does not arise until the plaintiff knows, or by the exercise of reasonable diligence should have known, that he had been injured by the conduct of the defendant.O'Stricker v. Jim Walter Corp (1983), 4 Ohio St.3d 84.
 {¶ 17} The Stuteses may be entitled to rely on the rule of discovery, but on this record that alternative is unnecessary. The injuries alleged in the complaint that Christin Stutes filed are in the nature of bodily injuries, that is, injuries to his person, albeit psychic in nature. They are therefore subject to the two-year statute of limitations in R.C. 2305.10. On that basis, the action on the claims for relief for those alleged injuries arising from the shooting of May 10, 2005 that the Stuteses commenced on January 4, 2007 is not barred by the applicable statute of limitations.
 {¶ 18} A more fundamental reason exists to find that the trial court erred when it dismissed the Stuteses' complaint pursuant to Civ.R. 12(B)(6), however.
 {¶ 19} A statute of limitations bar is an affirmative defense that must be "set forth affirmatively," Civ.R. 8(C), in a pleading responsive to the complaint, that is, in the answer. Civ.R. 7(A). When no answer is filed, but a Civ.R. 12(B)(6) motion is filed instead, no statute of limitations defense is properly before the court. Therefore, a statute of limitations defense cannot be raised in a Civ.R. 12(B)(6) motion to dismiss. State ex rel. Freeman v. Morris (1991), 62 Ohio St.3d 107. *Page 7 
 {¶ 20} The same applies to the alternative grounds for relief on which the trial court relied, which was that Harris's claims for relief should have been pled in a counterclaim in the prior action Harris had filed. Civ.R. 13(A) provides: "A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." The rule makes such counterclaims compulsory.
 {¶ 21} Relying on the contentions in Harris's motion concerning the prior 42 U.S.C. § 1983 action he filed, and evidence of the action Harris submitted in support of his motion, the trial court found that the claims for relief in the present case are barred by Civ.R. 13(A), because they necessarily should have been filed by the Stuteses in the prior action as a counterclaim.
 {¶ 22} Ohio courts characterize failure to comply with Civ.R. 13(A) as generating a res judicata bar. Baldwin's Ohio Civil Practice, Klein and Darling, Vol. 1, § 13:6. Because res judicata is an affirmative defense identified by Civ.R. 8(C), it must be pleaded in an answer. Thus, like a statute of limitations defense, a violation of Civ.R. 13(A) is not a matter amenable to resolution through a Civ.R. 12(B)(6) motion to dismiss when those defenses present issues of fact that cannot be determined solely from the pleadings in the complaint. *Page 8 
 {¶ 23} The trial court nevertheless found a Civ.R. 13(A) bar in relation to the prior action that Harris filed, relying on evidentiary materials Harris submitted in support of his Civ.R. 12(B)(6) motion. However, the motion is limited to the pleadings, and if evidence outside the pleadings is to be considered, the motion must be converted by the court to a Civ.R. 56 motion for summary judgment, after notice to the parties.
 {¶ 24} The court appears to have converted Harris's Civ.R. 12(B)(6) motion to a Civ.R. 56 motion for summary judgment in order to decide it, but failed to give notice to the parties before deciding the motion. The court erred in that respect, and the error is reversible. Petrey v.Simon (1983), 4 Ohio St.3d 154.
 {¶ 25} Finally, Harris argues that the Stuteses waived their right to argue error on appeal with respect to the relief the court granted because the Stuteses failed to file a reply in opposition to Harris's Civ.R. 12(B)(6) motion. However, the grounds on which the court relied to grant Harris's motion triggered the court's responsibility to convert it to a Civ.R. 56 motion for summary judgment and give notice of the conversion to the parties, for reasons we have explained. The Stuteses were entitled to expect that the court would do that. They did not waive the error in the court's failure to do so.
 {¶ 26} The first assignment of error is sustained.
 SECOND ASSIGNMENT OF ERROR *Page 9 
 {¶ 27} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANTS BY DISMISSING THEIR COMPLAINT WITH PREJUDICE THEREBY PRECLUDING PLAINTIFFS' FILING OF A COUNTER-CLAIM IN FEDERAL COURT."
 {¶ 28} Our holding that the trial court erred when it found the Stuteses' claims barred by the applicable statute of limitations, which is R.C. 2305.10, renders this assignment of error moot. Therefore, we need not decide it. App.R. 12(A)(1)(c).
 Conclusion {¶ 29} Having sustained the first assignment of error, we will reverse the judgment from which this appeal is taken and remand the case to the court of common pleas for further proceedings consistent with our opinion.
 WOLFF, P.J. and FAIN, J., concur. *Page 1