OPINION
{¶ 1} Plaintiff-appellant, Michael Swihart, appeals from a judgment of the Franklin County Court of Common Pleas granting the Civ. R. 12(B)(6) motion to dismiss of defendants-appellees, Chairman/Chairperson of the Ohio Adult Parole Authority ("OAPA"), Current Director of the Ohio Department of Rehabilitation and Correction, Dr. Sandra Mack, Member of the OAPA, William Oberdier, Hearing Officer for the OAPA, *Page 2 
Richard E. Fitzpatrick, Hearing Officer for the OAPA, and all former and current members of the OAPA (collectively "defendants"). Because the trial court improperly concluded (1) res judicata bars plaintiff's complaint, and (2) plaintiff's complaint fails to state a claim for relief due to the discretionary nature of parole, we reverse.
 {¶ 2} On February 15, 2007, plaintiff filed a verified complaint for declaratory judgment, injunctive relief, monetary damages and special damages against defendants. He requested a jury trial on his claims for damages.
 {¶ 3} According to plaintiff's complaint, plaintiff was indicted in 1977 for one count of aggravated murder, three counts of murder, and one count of aggravated arson. In 1977, a three-judge panel convicted him of the aggravated murder of his brother Russell, the murder of his mother Susan and his other brother Brian, and aggravated arson; the panel of judges acquitted him of the murder of his father, Donald. Plaintiff was sentenced on April 10, 1978 to death for the aggravated murder conviction, 15 years to life for the two counts of murder, and 7 to 25 years on the aggravated arson charge. On December 20, 1978, the Medina County Court of Appeals, in response to the United States Supreme Court's opinion in Lockett v. Ohio (1978), 438 U.S. 586, modified plaintiff's death sentence to life in prison.
 {¶ 4} Plaintiff's complaint asserts that, pursuant to R.C. 2967.13, his parole eligibility is set at 15 years to life. According to plaintiff's complaint, members of the OAPA nonetheless told plaintiff in a June 2, 1992 interview that "you got the break of your life when the Court of Appeals modified your Death Sentence" and that his sentence should be "Life without possibility of Parole." (Complaint, ¶ 10.) Plaintiff asserts "Defendants began to provide deliberate and intentional sham/meaningless parole eligibility to *Page 3 
Plaintiff," continuing plaintiff's sentence for ten more years. (Complaint, ¶ 11.) When plaintiff was interviewed again on September 6, 2002, plaintiff alleges OAPA applied its new guidelines, modified his 15 year to life sentence to 300 months to life, and reassigned the next hearing to October 2007.
 {¶ 5} Plaintiff asserts that defendants, in conducting themselves as set forth in plaintiff's complaint, have (1) unilaterally increased plaintiff's modified sentence of 15 years to life to life without parole through deliberate "sham" parole eligibility hearings, (2) deliberately and intentionally usurped judicial and legislative authority, violating the separation of powers doctrine and unilaterally modifying plaintiff's sentence, and (3) maliciously sought to obstruct and undermine the court's decision by modifying plaintiff's sentence to life without the possibility of parole.
 {¶ 6} Relying on R.C. 2967.26 for educational or vocational furlough and R.C. 2967.27 for non-vocational furlough, plaintiff's complaint also alleges he is eligible to be considered for furlough and honor status, but defendants have denied plaintiff the right to furlough or honor status by refusing to consider his eligibility. In effect, plaintiff asserts, defendants are wrongfully using the override provisions of the Ohio Department of Rehabilitation and Correction's policy to repeal former R.C. 2967.26 and 2967.27.
 {¶ 7} On March 30, 2007, defendants filed a motion to dismiss pursuant to Civ. R. 12(B)(6). Defendants initially asserted the case should be dismissed based on the doctrine of res judicata. According to defendants, plaintiff already litigated, through a complaint filed on September 16, 2004 in federal court alleging violations of the United States Constitution, the same issues he is attempting to litigate in the common pleas court under the Ohio Constitution. Defendants noted the federal district court granted *Page 4 
defendants' motion to dismiss and the Sixth Circuit Court of Appeals affirmed the decision of the district court. Defendants asserted that, to the extent plaintiff's complaint raises claims not asserted in the federal court litigation, plaintiff could have raised them and res judicata thus bars those claims as well.
 {¶ 8} Defendants next contended the complaint should be dismissed because plaintiff has no liberty interest in parole. In support, defendants noted plaintiff was granted several parole hearings but simply was denied relief based on severity of the crimes for which he was convicted. Finally, defendants maintained plaintiff's complaint for money damages was outside the jurisdiction of the common pleas court, as the court of claims has exclusive original jurisdiction over all civil actions against the state seeking money damages.
 {¶ 9} Attached to defendants' motion to dismiss was a copy of plaintiff's complaint filed in the United States District Court for the Southern District of Ohio, along with an order of the federal district judge overruling plaintiff's objections to the magistrate's decision and entering judgment for defendants. Defendants also attached the slip decision of the United States Court of Appeals for the Sixth Circuit affirming the district court's decision.
 {¶ 10} Although plaintiff filed his complaint pro se, he obtained counsel and, through counsel, responded to defendants' motion to dismiss. Plaintiff asserted that defendants' granting plaintiff a parole hearing, but employing a sentence not in accord with the court's sentence, demonstrated the viability of plaintiff's claim. As plaintiff stated, "Defendants, simply considered the crime, ignored his record, adjustment or psychological defense and treated the sentence as life without parole. This is contrary to *Page 5 
the holding in Layne." (Memorandum Contra, 7.) Plaintiff further asserted that, apart from the arbitrariness of changing his sentence, defendants denied him a meaningful parole hearing pursuant to Ankrom v.Hageman, Franklin App. No. 04AP-984, 2005-Ohio-1546, at ¶ 1. Finally, plaintiff asserted that his right to furlough and honor status, including whether defendants could alter his right under the statute, presented a viable claim.
 {¶ 11} As to defendants' claim of res judicata, plaintiff contended "[n]either Magistrate Abel, District Judge George Smith, nor the Sixth Circuit dealt with any of the State issues since they lacked jurisdiction." (Memorandum Contra, 5.) Moreover, plaintiff asserted, "the doctrine of collateral estoppel does not apply since the Federal Court cannot determine facts relating to State law claims. * * * All the Federal system could do was, as they did, find no violation of the Federal Constitution." Id. at 6. Plaintiff, however, agreed the common pleas court lacked jurisdiction over plaintiff's claims for money damages against defendant.
 {¶ 12} On March 5, 2008, the trial court issued a decision and entry granting defendants' motion to dismiss. After reciting the appropriate standard for considering a Civ. R. 12(B)(6) motion, and noting the general provisions of the doctrine of res judicata, the court stated "[i]t is also well settled that if the state claim could have been joined in a federal action, then the claim should have been raised in the federal action." (Decision, 3.) Noting plaintiff's contention that "his federal suit addressed his federal civil rights while the action before this Court addresses his state civil rights," the trial court determined "that Plaintiff litigated these claims in federal court. The federal and state suits arise out of the same actions of Defendants, specifically, the refusal to grant Plaintiff parole." Id. at 4. Because the court determined the only difference lay in whether the complaints were *Page 6 
based on the Ohio or Federal Constitutions, the court found "that Plaintiff should have raised the instant claims in the federal case. Therefore, the doctrine of res judicata bars Plaintiff's Complaint. Furthermore, Plaintiff fails to state a claim upon which relief may be granted as parole is discretionary and Defendants are entitled to immunity for claims for monetary damages." Id. Plaintiff appeals, assigning five errors:
 ASSIGNMENT OF ERROR NO. 1:
 THE TRIAL COURT ERRED IN SUSTAINING THE DEFENDANTS-APPELLEES' MOTION TO DISMISS FILED PURSUANT TO RULE 12(B)(6), OHIO RULES OF CIVIL PROCEDURE.
 ASSIGNMENT OF ERROR NO. 2:
 IN THE EVENT THE COURT COULD PROCEDURALLY RULE ON THE ISSUE OF RES ADJUDICATA [sic], THE DOCTRINE DOES NOT APPLY.
 ASSIGNMENT OF ERROR NO. 3:
 THE COMPLAINT STATES A CAUSE OF ACTION UNDER THE RULING THAT A PRISONER IS ENTITLED TO A MEANINGFUL HEARING WHICH TAKES IN ALL ASPECTS, NOT JUST THE CRIME.
 ASSIGNMENT OF ERROR NO. 4:
 PLAINTIFF-APPELLANT PLED FACTS WHICH IF TRUE JUSTIFY GRANTING HIM HONOR STATUS OR RIGHT TO FURLOUGH AND THE COURT ERRED IN IGNORING THESE FACTS.
 ASSIGNMENT OF ERROR NO. 5:
 THE TRIAL COURT ERRED AND ABUSED ITS AUTHORITY WHEN IT FAILED TO RECOGNIZE THE UNEQUAL TREATMENT OF INDIVIDUALS CONVICTED BEFORE THE UNLAWFUL REGULATIONS AND THOSE CONVICTED AFTER, EACH MUST BE TREATED SO ONE IS NOT DENIED EQUAL PROTECTION GUARANTEED *Page 7 UNDER ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
 {¶ 13} Plaintiff's five assignments of error raise two primary issues: (1) whether the decision from the United States District Court for the Southern District of Ohio, affirmed in the United States Circuit Court of Appeals for the Sixth Circuit, bars plaintiff's state court action, and (2) whether the discretionary nature of parole precludes plaintiff's complaint.
 {¶ 14} "[I]n order for a court to dismiss a complaint for failure to state a claim upon which relief may be granted, it must appear `beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" York v. Ohio State Hwy.Patrol (1991), 60 Ohio St.3d 143, 144, quoting O'Brien v. Univ. Comm.Tenants Union, Inc. (1975), 42 Ohio St.2d 242, 245. Moreover, "in construing a complaint upon a motion to dismiss for failure to state a claim, we must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the nonmoving party." Id.
 {¶ 15} When the trial court determines whether or not to grant a motion to dismiss pursuant to Civ. R. 12(B)(6), the court may not rely on evidence outside the complaint. Stutes v. Harris, Greene App. No. 21753,2007-Ohio-5163, at ¶ 10, citing Costoff v. Akron Gen. Med. Ctr, Summit App. No. 21213, 2003-Ohio-962. "A motion to dismiss that raises matters outside the pleadings must be converted to a Civ. R. 56 motion for summary judgment." Id., citing Teague v. LTV Steel Co., Mahoning App. No. 01-CA-38, 2003-Ohio-1228. *Page 8 
I. Res Judicata {¶ 16} In their res judicata argument, defendants contend res judicata bars the allegations of plaintiff's complaint, as plaintiff did or could have litigated them in his federal action.
 {¶ 17} The doctrine of res judicata includes two separate concepts: (1) claim preclusion, historically called estoppel by judgment, and (2) issue preclusion, traditionally called collateral estoppel. Grava v.Parkman Twp. (1995), 73 Ohio St.3d 379, 381. Under claim preclusion, "`[a] final judgment or decree rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction * * * is a complete bar to any subsequent action on the same claim or cause of action between the parties or those in privity with them.'" Id., quotingNorwood v. McDonald (1943), 142 Ohio St. 299, paragraph one of the syllabus. Thus, "`an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were ormight have been litigated in a first lawsuit.'" (Emphasis sic.) Id., quoting Natl. Amusements, Inc. v. Springdale (1990), 53 Ohio St.3d 60,62.
 {¶ 18} The corollary doctrine of issue preclusion provides that an issue of fact that was fairly, fully, and necessarily litigated and determined in a prior action may not be drawn into question in a subsequent action between the same parties or their privies. State exrel. Stacy v. Batavia Local Sch. Dist. Bd. of Edn., 97 Ohio St.3d 269,2002-Ohio-6322, at ¶ 16. The principle applies whether the causes of action in the two actions are identical or different. Id.
 {¶ 19} Res judicata is an affirmative defense that must be set forth affirmatively in a responsive pleading. Civ. R. 8(C). If, instead of an answer, a Civ. R. 12(B)(6) motion is *Page 9 
filed, the affirmative defense of res judicata is not properly before the court. Stutes, supra, at ¶ 19. Res judicata thus is not appropriately raised in a Civ. R. 12(B)(6) motion to dismiss. Id., citingState ex rel. Freeman v. Morris (1991), 62 Ohio St.3d 107.
 {¶ 20} Indeed, an attempt to assert res judicata as a basis for dismissal pursuant to Civ. R. 12(B)(6) poses an additional procedural difficulty. Typically, res judicata requires, as happened here, that relevant documents from the other litigation be attached to the motion to demonstrate the preclusive effect. Determination of a Civ. R. 12(B)(6) motion, however, is limited to the pleadings: "if evidence outside the pleadings is to be considered, the motion must be converted by the court to a Civ. R. 56 motion for summary judgment, after notice to the parties." Id. at ¶ 23.
 {¶ 21} Defendants' motion here suffers both deficiencies. Because defendants filed a motion to dismiss without first filing an answer, the affirmative defense of res judicata was not technically before the court for consideration. In addition, defendants attached documents to their motion to dismiss in order to attempt to demonstrate the preclusive effect of plaintiff's federal litigation. Because resolution of the Civ. R. 12(B)(6) motion does not allow the trial court to review matters outside the complaint, the trial court should have converted the motion to dismiss to a summary judgment motion after notifying the parties of its intent to do so.
 {¶ 22} We recognize that exceptions exist to the noted rules. Defendants, for example, contend plaintiff waived any error in the court's considering defendants' res judicata affirmative defense when he failed to object to the documents defendants attached to its motion to dismiss. Contrary to defendants' suggestion, however, their brief on appeal admits that plaintiff "argued — in one sentence — that additional facts should not *Page 10 
be considered when ruling upon a Rule 12(B)(6) motion." (Defendants brief, 5.) Even if waiver is an exception to the general rule, plaintiff did not waive the procedural error.
 {¶ 23} A second exception may exist if the necessary facts may be determined from the face of the complaint. See Stuller v. Price, Franklin App. No. 02AP-267, 2003-Ohio-583. That res judicata could not be determined from the face of plaintiff's complaint is evident in defendants' need to attach the relevant documents to its Civ. R. 12(B)(6) motion. Indeed, defendants point to nowhere in plaintiff's complaint that the facts necessary to determine res judicata are alleged.
 {¶ 24} In the final analysis, "a Civ. R. 12(B)(6) motion is not the proper method for resolving a claim on the basis of res judicata, as any res judicata analysis must necessarily examine pleadings beyond the complaint." Jude v. Franklin Cty., Franklin App. No. 03AP-1053,2004-Ohio-2528, at ¶ 9. "Summary judgment is the preferred method by which to address res judicata." Id. Because the trial court relied upon evidentiary materials outside the pleadings, the court erred in granting defendants' Civ. R. 12(B)(6) motion to dismiss based upon res judicata.
II. Defendants' Discretion in Granting Parole {¶ 25} The trial court devoted most of its decision and entry to the issue of res judicata. The court, however, also stated that "[p]laintiff fails to state a claim upon which relief may be granted as parole is discretionary * * *." (Decision, 4.) None of the parties disagree with the trial court's statement that parole is discretionary. The issue is whether the discretionary nature of parole renders plaintiff's allegations meritless as a matter of law. Plaintiff, in essence, contends that although he is eligible for parole pursuant to his *Page 11 
revised sentence, he has been denied a meaningful parole hearing because the parole board deems him to be serving a life sentence without the possibility of parole.
 {¶ 26} The Supreme Court of Ohio addressed a similar issue inLayne v. Ohio Adult Parole Auth., 97 Ohio St.3d 456, 2002-Ohio-6719, at ¶ 27, stating that "the words `eligible for parole' in former R.C. 2967.13(A) ought to mean something. Inherent in this statutory language is the expectation that a criminal offender will receive meaningful consideration for parole." The Supreme Court of Ohio pointed out that "meaningful consideration for parole consists of more than a parole hearing in which an inmate's offense of conviction is disregarded and parole eligibility is judged largely, if not entirely, on an offense category score that does not correspond to the offense or offenses of conviction set forth in the plea agreement." Id. As the Supreme Court of Ohio explained, the practice at issue in Layne of assigning an offense category score that did not correspond to the offense for which the defendant was convicted "rendered meaningless" the statutory language that an inmate "becomes eligible for parole at the expiration of his minimum term." Id., quoting R.C. 2967.13. While acknowledging that the OAPA has "wide-ranging discretion in parole matters," the Supreme Court of Ohio stated "that discretion must yield when it runs afoul of statutorily based parole eligibility standards and judicially sanctioned plea agreements." Id. at ¶ 28.
 {¶ 27} Plaintiff here asserts he was denied meaningful consideration because, in determining his parole eligibility, defendants used a sentence different than the one he received. The discretionary nature of parole does not afford defendants the right to deny plaintiff meaningful consideration on the basis of a sentence other than the one he was *Page 12 
given. Layne, supra; see, also, Ankrom, supra. Accordingly, the trial court erred in granting defendants' Civ. R. 12(B)(6) motion on the basis that parole is discretionary.
III. Money Damages {¶ 28} The parties agree that the common pleas court lacks jurisdiction to award plaintiff money damages against defendants. The trial court thus properly granted defendants motion to dismiss as it relates to plaintiff's claims for money damages.
 {¶ 29} Because the trial court wrongly concluded that res judicata bars plaintiff's claim and that the discretionary nature of parole renders his allegations meritless, but because the trial court properly concluded plaintiff's claim for money damages is not properly filed in the common pleas court, we reverse the judgment of the trial court in part, affirm in part, and remand for further proceedings consistent with this opinion.
Judgment affirmed in part and reversed in part; case remanded.
FRENCH and GREY, JJ., concur.
GREY, J., retired of the Fourth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1