[Cite as *Finn v. James A. Rhodes State College*, 191 Ohio App.3d 634, 2010-Ohio-6265.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
ALLEN COUNTY


FINN,

      APPELLANT,

      v.

JAMES A. RHODES
STATE COLLEGE,

      APPELLEE.

CASE NO. 1-10-47

O P I N I O N


Appeal from Allen County Common Pleas Court
Trial Court No. CV2009 1385

Judgment Reversed and Cause Remanded

Date of Decision:    December 20, 2010


APPEARANCES:

      Drew R. Massi, for appellant.

      Reid T. Caryer, for appellee.

Case No. 1-10-47

**WILLAMOWSKI, Presiding Judge.**

{¶ 1} Plaintiff-appellant, Lisa R. Finn, appeals the judgment of the Allen County Court of Common Pleas granting summary judgment in favor of defendant-appellee, James A. Rhodes State College, finding that Finn failed to point to any admissible summary-judgment evidence that would create a genuine issue of material fact. On appeal, Finn contends that the trial court erred in deciding that her claim was barred by Ohio's sovereign-immunity statute and res judicata. For the reasons set forth below, the judgment is reversed and the cause is remanded.

{¶ 2} In December 2009, Finn filed a complaint alleging a third-party-beneficiary breach-of-contract case against James A. Rhodes State College, formerly known as Lima Technical College, claiming that the college breached its promise to provide liability-insurance coverage to her and fellow students. The claim was made after Finn (f.k.a. Lisa R. Fleming) sustained an injury on April 12, 1995, when she was enrolled in the college's physical-therapy program and was participating in a Therapeutic Procedures II laboratory class. Finn was injured when a fellow student, under the supervision of the college's instructors, was practicing physical-therapy maneuvers on Finn and dislocated her knee. Finn claimed that she sustained further injuries when her instructor tried to reset the knee.

{¶ 3} On April 4, 1997, Finn filed a lawsuit against the student and against the college for negligence. See *Fleming v. Sheets*, Allen County case No. CV97 04 0253. The college tendered its defense of the lawsuit to its insurance company, Continental Insurance Company, in accordance with the policy's notice provisions. On May 26, 1998, the trial court granted summary judgment in favor of the college, finding that the college was a political subdivision and was entitled to sovereign immunity pursuant to R.C. 2744.02(A). Finn voluntarily dismissed her lawsuit against the student.

{¶ 4} On March 27, 2000, Finn refiled the lawsuit against the student, although the case was stayed shortly thereafter when the student filed for bankruptcy.[1] On February 2, 2005, the lawsuit was reactivated, but the student did not participate in the litigation or attempt to defend herself. The court granted Finn's unopposed motion for summary judgment as to liability and awarded damages in the amount of $288,392.99. *Fleming v. Sheets*, Allen County case No. CV00 03 0215 (Mar. 5, 2007 judgment entry). However, the trial court granted judgment only to the extent that liability insurance was available to defend and indemnify the student because her personal collectability for the liability had been discharged in bankruptcy. Id. (Jan. 8, 2007 judgment entry).

---

[1] Continental was not put on notice of the refiling at that time, nor was Continental asked to provide an answer in the student's defense.

{¶ 5} Finn then filed a supplemental complaint against Continental claiming that Continental was liable for the judgment that Finn had obtained against the student.[2] The trial court granted summary judgment in favor of Continental, finding that Finn and the other student were not insureds under the college's insurance policy and that the policy was not intended to extend coverage to students who injured fellow students in classroom exercises. Id. (Sept. 9, 2009 judgment entry, p. 4-5).

{¶ 6} On December 29, 2009, Finn filed a complaint against the college in the case before us now, alleging that the college had breached its agreement to provide liability insurance covering students while they were participating in physical-therapy laboratory exercises. As Exhibit 1 to the complaint, Finn attached a one-page copy of a document discussing the topics of "Clinical Application Coursework" and "Insurance." The "Insurance" section stated:

> Liability insurance is provided through Lima Technical College. This insurance will cover working with fellow students in the laboratory as subjects and with actual patients in the clinic.

Finn claimed that she was a third-party beneficiary of this agreement between the college and the student who caused her injury and, therefore, she was damaged in

---

[2] Finn believed that coverage existed under the Continental policy because it provided coverage for "volunteers and students when working on behalf of the named insured [the college]." After finding that the Continental policy did not provide insurance, the trial court stated that if Finn wished to use the "Clinical Application Coursework" sheet (Exhibit 1 in this case) as evidence that insurance coverage was provided for students participating in classroom exercises, "a claim should rest against the party [with] which they had direct privity, in this case, Lima Technical College." (CV00 03 0215, Sept. 9, 2009 judgment entry, p. 6.) Finn did not appeal that decision; she filed the instant action against the college.

the amount of $288,392.99 by the college's failure to satisfy liability claims arising out of laboratory work between the students.

{¶ 7} The college filed a Civ.R. 12(B)(6) motion to dismiss (in lieu of an answer), stating that Finn's complaint failed to state a claim upon which relief could be granted because she had not alleged any exception to the college's sovereign immunity pursuant to R.C. 2744.02(B)(1) through (5) and because her claim was barred by res judicata based upon the previous lawsuits. The college maintained (1) that Finn was relitigating the matter by bringing "the identical claims for damages she brought twice before" and (2) that it was undisputed that the college was "entitled to tort liability immunity." The college also filed a motion requesting a stay of discovery.

{¶ 8} The parties filed several additional responsive motions (Finn's response to the motion to dismiss, the college's reply, Finn's surreply, and the college's reply to Finn's surreply) prior to the trial court's decision. The trial court concluded that the bar of res judicata could not be raised in a motion to dismiss because it would require the trial court to consider matters outside the pleadings. As a result, the trial court converted the college's motion to dismiss into a motion for summary judgment and allowed the parties an additional 30 days in which "to file additional evidentiary material * * *, to request an extension, if needed, under Civ.R. 56(F) and in which to request an oral hearing."

{¶ 9} On June 2, 2010, the college filed a supplemental memorandum along with affidavits[3] from its controller/assistant treasurer and its vice president for business, testifying that the college had obtained general commercial insurance coverage but that the coverage did not extend to student-on-student injuries sustained during classroom activities. They further testified that although Finn and her classmate who caused the injury were students at the college, they were not volunteers or employees of the college so as to bring them within the policy's coverage. The affidavit of the vice president of business who had purchased the insurance policy in effect during 1995 testified that "[a]t the time the College purchased this insurance policy, it was understood that the policy would not extend coverage to students of the college who injured fellow students while participating in classroom exercises."

{¶ 10} Finn filed a memorandum of supplemental authority on June 9, 2010, setting forth her arguments against summary judgment with attachments consisting of (1) a copy of the September 9, 2009 judgment entry in *Fleming v. Sheets,* Allen County case No. CV00 03 0215, (2) a copy of the memorandum in opposition to Continental's motion for summary judgment that was apparently submitted by Finn in case No. CV00 03 0215, and (3) a copy of the unauthenticated Exhibit 1 that was attached to her complaint (see above).

---

[3] Finn's attorney claims, and has attached an affidavit attesting, that he never received a copy of the college's supplemental authority with attached affidavits until after the trial court's decision granting summary judgment.

{¶ 11} After considering the parties' briefs and evidence, the trial court concluded that the college had demonstrated that it was entitled to summary judgment and that Finn had not introduced any admissible Civ.R. 56 evidence in response to the motion. The trial court granted summary judgment in favor of the college on June 22, 2010, finding that the college had produced evidence that it had not intended to provide insurance coverage to students of the college for student-on-student injuries sustained during classroom activities and that Finn had failed to produce evidence that created a genuine issue regarding that fact. Finn timely appeals this decision, raising the following three assignments of error for our review.

### First Assignment of Error

The trial court erred in granting the summary judgment motion of [the college] on the basis that the College did not provide liability coverage to [Finn] and fellow students; there was no evidence produced that [the college] did not promise to provide such coverage.

### Second Assignment of Error

The trial court erred in granting the summary judgment motion of [the college] on the basis that [Finn] produced no evidence that her claim fit within an exception to O.R.C. 2744.02(A), Ohio's tort sovereign immunity statute; there was no evidence produced that her action was not a contract action as pled, exempted by O.R.C. 2744.09 from sovereign immunity.

### Third Assignment of Error

The trial court erred in granting the summary judgment motion of [the college] because once it converted this motion to dismiss into a motion for summary judgment, it did not require [the college] to delineate with specificity the basis upon which summary judgment was sought so as to allow [Finn] a meaningful opportunity to respond.

{¶ 12} Appellate courts review decisions on summary judgment de novo, viewing the facts as most favorable to the nonmoving party and resolving any doubt in favor of that party. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. Because it is a procedural device that terminates litigation, summary judgment must be awarded with caution. *Ormet Primary Aluminum Corp. v. Employers Ins. of Wausau* (2000), 88 Ohio St.3d 292, 725 N.E.2d 646.

{¶ 13} Summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. *Horton v. Harwick Chem. Corp.* (1995), 73 Ohio St.3d 679, 686-687, 653 N.E.2d 1196.

{¶ 14} The party moving for summary judgment has the initial burden of producing some evidence that demonstrates the lack of a genuine issue of material fact. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264. Civ.R. 56(C) provides that summary judgment is appropriate only if the "pleadings,

depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action," show there to be no genuine issue of material fact. No evidence may be considered in connection with a motion for summary judgment "except as stated in this rule." Id. It is well settled that the moving party bears both (1) the initial responsibility of informing the trial court of the basis for the motion and (2) the responsibility to identify those portions of the record before the trial court that demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. *Todd Dev. Co., Inc. v. Morgan*, 116 Ohio St.3d 461, 2008-Ohio-87, 880 N.E.2d 88, ¶12, citing *Dresher*. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. *Dresher* at 293-294.

{¶ 15} Once the moving party discharges its initial burden, summary judgment is appropriate if the nonmoving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that a genuine issue exists for trial. *Dresher* at 293; *Vahila v. Hall*, 77 Ohio St.3d 421, 430, 674 N.E.2d 1164; Civ.R. 56(E). In responding, the nonmoving party may not simply rest upon the claims or allegations contained in the party's pleadings or briefs. *Byrd v. Smith*, 110 Ohio St.3d 24, 2006-Ohio-3455, 850 N.E.2d 47, ¶10; Civ.R. 56(E). When the nonmoving party fails to make a sufficient showing on an

essential element of the case with respect to which it has the burden of proof, summary judgment is appropriate. *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265.

{¶ 16} In reviewing the briefs and evidence on the motion for summary judgment, the trial court found that the college had pointed to evidence that it had previously been determined that Finn and the student who caused the injury were not insureds under the Continental policy, and that the college had supported that assertion with affidavits from college officers. The trial court also found that Finn had failed to point to any admissible Civ.R. 56(C) evidence in response because the documentation that Finn had provided was not authenticated or verified in any way and had no evidentiary value.[4] The trial court further found that Finn failed to demonstrate any exception under R.C. 2744.02 that would remove the college's blanket of tort immunity that that had already been established. Therefore, the trial court determined that the college was entitled to summary judgment because Finn had failed to meet her burden to point to evidence creating a genuine issue of fact.

---

[4] Finn's "Exhibit 1" to her pleadings and summary-judgment briefs is an unauthenticated and unverified copy of a document purporting to contain the college's promise to provide liability insurance for students. Although Finn claims that this undated and unsigned document constitutes a contract, there is no verified explanation as to its identity and purpose, who created it, whether the person providing the document was authorized to act on behalf of the college, whether it was a part of a handbook, syllabus, or something else, what the other parts of the document stated, whether there was any reasonable reliance upon this document, or even whether it was applicable to the time period when Finn was injured.

{¶ 17} Finn, however, argues that the obligation to provide summary-judgment evidence on the issues on which she would bear the burden of production at trial never shifted to her. Finn contends that the college did not meet its initial burden of pointing to evidence demonstrating the absence of a genuine issue of material fact as to the actual issues that were set forth in her complaint and that were before the trial court. We will address that assertion in the context of her assignments of error.

{¶ 18} In her first assignment of error, Finn maintains that the trial court erred in considering the college's evidence that it did not provide liability coverage to students as a basis for denying her claim. Finn argues that the issue was not whether or not the college had actually provided the insurance, but whether the college had promised to provide insurance. Finn acknowledged that the college did not provide insurance and stated so in her complaint. Therefore, Finn claims that evidence that the college did not provide insurance was irrelevant and was not sufficient to shift the burden to Finn to produce any admissible evidence.

{¶ 19} We agree with Finn. Even the trial court acknowledged that the summary-judgment evidence the college produced pertained to the existence of insurance coverage under the Continental policy. That fact was not an issue in contention in this case. The issue Finn raised was whether or not the college had

made a commitment to provide insurance. The college did not produce or point to any evidence by way of affidavit or deposition testimony or as a result of any of the decisions in previous cases wherein the college ever denied that it had represented that liability insurance covering students working with students in laboratories would be provided.

{¶ 20} The college argues that "Finn failed to produce evidence to show that she had a contract with Rhodes to provide liability insurance coverage." However, the burden never shifted to Finn to produce such evidence because the college never produced any evidence challenging the existence or validity of the agreement that she claims the college made with its students. There are two completely different contracts at issue in this case: (1) the college's insurance policy with Continental and (2) the alleged contract or agreement between the college and its physical-therapy students stating that it would provide liability insurance. The college repeatedly argued and provided evidence concerning the first insurance policy but never addressed the main issue in this case, i.e., the existence and validity of the second contract. Evidentiary materials regarding the coverage of the Continental insurance policy have no bearing on the issue before the trial court in the current case.

{¶ 21} The college is not entitled to summary judgment based on Finn's failure to provide appropriate evidence of the college's promise to provide

insurance when the college failed its initial burden to provide any evidence challenging that particular agreement. Finn's first assignment of error is sustained.

{¶ 22} However, the college could still be entitled to summary judgment based upon its contention that it had sovereign immunity. Finn's second assignment of error alleges that the trial court erred in finding that Finn had failed to present any evidence demonstrating that the college, as a political subdivision, was not entitled to tort immunity under R.C. 2744.02(A). Finn argues that her cause of action was properly pleaded in *contract*, not in tort. Therefore, she asserts that sovereign immunity was not relevant, pursuant to R.C. 2744.09(A), and that the previous judgments finding that the college had tort sovereign immunity for negligence claims did not act as a bar to her present cause of action.

{¶ 23} The Political Subdivision Tort Liability Act, codified in R.C. Chapter 2744, governs political-subdivision immunity from civil liability. *Perkins v. Norwood City Schools* (1999), 85 Ohio St.3d 191, 192, 707 N.E.2d 868. R.C. 2744.02(A) generally provides that a political subdivision is immune from tort liability for damages in a civil action for losses allegedly caused by an act or omission of the subdivision or its employees in connection with a governmental or proprietary function, subject to certain exceptions enumerated in R.C. 2744.02(B)

that act as defenses to that immunity. *Hubbard v. Canton City School Bd. of Edn.*, 97 Ohio St.3d 451, 2002-Ohio-6718, 780 N.E.2d 543, ¶10-13.

{¶ 24} In Finn's previous lawsuit against the college, the Allen County Court of Common Pleas determined that the college was a political subdivision, that it was engaged in a governmental or proprietary function, and that Finn had not alleged any facts that would indicate an exception to its statutory immunity under R.C. 2744.02(A) or (B). Case No. CV97 04 0253. Therefore, res judicata would be applicable to these findings. Finn, however, contends that R.C. 2744.09, listing actions and claims excepted from the provisions of the chapter, is applicable in this case. That statute states: "*This chapter does not apply to*, and shall not be construed to apply to, the following: (A) *Civil actions that seek to recover damages* from a political subdivision or any of its employees *for contractual liability \*\*\**." (Emphasis added.) R.C. 2744.09.

{¶ 25} The college claims Finn has failed to produce any evidence that "contractual liability" existed here. Again, the college is misconstruing the burdens. Finn's complaint sounds in contract, and she is alleging a breach-of-contract claim against the college. It is the college that has failed to point to any evidence that this was really a tort claim barred by the college's sovereign immunity or that no contract existed that would bring her claim under the exceptions in R.C. 2744.09. Until then, Finn was not required to provide any

additional evidence. The burden never shifted to Finn to "strip [the college] of its tort immunity" because Finn was not challenging its tort immunity. There was no question that it was previously established. Therefore, she was not required to present any exceptions to the college's tort immunity under R.C. 2744.02, because she was pleading a case in contract that was outside of and excepted from the provisions of the Political Subdivision Tort Liability Act.

{¶ 26} The college still contends that res judicata should preclude Finn's cause of action in this case because she failed to raise this issue as a challenge to the trial court's finding of the college's sovereign immunity in the previous 1997 case. The bar of res judicata is not limited to only those subsequent actions involving the same legal theory of recovery as a previous action; it bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action. *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 653 N.E.2d 226, syllabus.

{¶ 27} However, the facts and claims in the 1997 case did not involve contract, so Finn would not have had any reason to assert the applicability of R.C. 2744.09 at that time. Finn maintains that the two cases do not involve a common nucleus of operative facts that would have required her to bring this breach-of-contract action in her previous negligence claim. The operative facts in that claim

were outlined by the trial court in its decision in case No. CV97 04 0253 and simply state:

> [Finn] was participating in a class exercise where she avers that her partner and defendant, [a fellow student], negligently performed a knee extension and as a result, dislocated her right knee. Angie Heaton was the instructor in the class. The instructor attempted to reset her knee. [Finn's] claim stems from these facts.

Furthermore, Finn asserts that she could not have raised the issue at that time because she did not learn that the college had not provided liability insurance until much later.

{¶ 28} While it might be possible that facts exist that could raise the affirmative defenses of res judicata or sovereign immunity, we do not find that they are in evidence in the record as it has been developed up to this in time. The college has failed to point to any such facts applicable to the specific contract claim in this case. Based upon the reasons stated above, Finn's second assignment of error is sustained.

{¶ 29} Our disposition of the first two assignments of error renders Finn's third assignment of error moot. Therefore, we need not address it.

{¶ 30} Having found error prejudicial to the appellant herein in the particulars assigned and argued, we reverse the judgment of the trial court and remand the cause for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

ROGERS and PRESTON, J.J., concur.

_____

ROGERS, J., concurring separately.

{¶ 31} Although I concur in the majority's decision to reverse and remand the matter, I concur separately because I would reverse the matter on the basis that the issues of whether the college was entitled to sovereign immunity or whether Finn's claim was barred by res judicata were not properly before the court for determination. As I have previously expressed in my separate concurrence in *Miller v. Van Wert Cty. Bd. of Mental Retardation & Dev. Disabilities*, 3d Dist. No. 15-08-11, 2009-Ohio-5082, I believe it is important to distinguish between a proper Civ.R. 12(B)(6) motion to dismiss and a ruling on sovereign immunity or res judicata, which I believe must always be asserted in a responsive pleading as an affirmative defense.

{¶ 32} Civ.R. 12(B) governs motions to dismiss and provides:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, (7) failure to join a party under Rule 19 or Rule 19.1.

{¶ 33} Additionally, Civ.R. 8(C) governs the pleading of affirmative defenses and provides:

> In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, want of consideration for a negotiable instrument, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense.

(Emphasis added.) The clear, unambiguous, and unequivocal requirement of this language is that any affirmative defense, such as res judicata, and any defense that constitutes an avoidance of liability, such as sovereign immunity, must be specifically pleaded as an affirmative defense. If it is not properly and affirmatively set forth in a responsive pleading, the defense is waived.

{¶ 34} I further note that the Supreme Court of Ohio has defined an affirmative defense as

> a new matter which, assuming the complaint to be true, constitutes a defense to it * * * [and] "any defensive matter in the nature of a confession and avoidance. It admits that the plaintiff has a claim (the 'confession') but asserts some legal reason why the plaintiff cannot have any recovery on that claim (the 'avoidance')." (Footnote omitted.) 1 Klein, Browne & Mortaugh, Baldwin's Ohio Civil Practice (1988) 33, T 13.03.

*State ex rel. Plain Dealer Publishing Co. v. Cleveland* (1996), 75 Ohio St.3d 31, 33. Logically, because the affirmative defense includes the *confession*, it is incompatible with the Civ.R. 12(B)(6) defense of failure to state a claim. In fact,

it admits that the plaintiff has stated a claim and may be successful on that claim should the opposing party fail to properly plead the affirmative defense. A motion to dismiss pursuant to Civ.R. 12(B)(6) is, therefore, irreconcilable with the confession included in an affirmative defense.

{¶ 35} Like the court in *Miller*, I believe, the trial court and the majority in this court have ignored the distinction between the "failure to state a claim upon which relief can be granted" and matters "constituting an avoidance or affirmative defense." See Civ.R. 12(B)(6) and 8(C). In the former, no set of facts proven by the claimant will give rise to a proper claim for relief. In the latter, the plaintiff's allegations will give rise to a claim for relief and liability unless the opposing party can demonstrate some statute or other defense that neutralizes or nullifies the responsibility of that party. See *Davis v. Cincinnati* (1991), 81 Ohio App.3d 116, 119, quoting Black's Law Dictionary (5th Ed.1979) 55. This is a substantial difference. Further, the proper methods of presenting these issues are separate and distinct.

{¶ 36} Civ.R. 12(B) specifically provides that certain enumerated defenses may be raised in a motion prior to the filing of a responsive pleading. However, there is no such provision allowing for an affirmative defense to be raised by motion. In fact, Civ.R. 8(C) specifically requires that an affirmative defense must be "set forth affirmatively," and if it is not affirmatively raised in the pleading, it is

waived. *Jim's Steak House, Inc. v. Cleveland* (1998), 81 Ohio St.3d 18 (holding that "[a]ffirmative defenses other than those listed in Civ.R. 12(B) are waived if not raised in the pleadings or in an amendment to the pleadings").

{¶ 37} The Supreme Court of Ohio has also held that matters designated by Civ.R. 8(C) as affirmative defenses and not specifically enumerated in Civ.R. 12(B) may not be raised by a motion to dismiss under Civ.R. 12(B). *State ex rel. Freeman v. Morris* (1991), 62 Ohio St.3d 107, 109. See also *Stutes v. Harris*, 2d Dist. No. 21753, 2007-Ohio-5163, ¶10-12, 18-19; *Post v. Caycedo*, 9th Dist. No. 23769, 2008-Ohio-111, ¶7; *Marok v. Ohio State Univ.*, 10th Dist. No. 07AP-921, 2008-Ohio-3170, ¶13. Furthermore, an affirmative defense may not be raised for the first time in a motion for summary judgment. *Eulrich v. Weaver Bros. Inc.*, 165 Ohio App.3d 313, 2005-Ohio-5891, ¶12, citing *Carmen v. Link* (1997), 119 Ohio App.3d 244, 250. See also *Kritzwiser v. Bonetzky*, 3d Dist. No. 8-07-24, 2008-Ohio-4952, ¶25; *Midstate Educators Credit Union, Inc. v. Werner*, 175 Ohio App.3d 288, 2008-Ohio-641, ¶11.

{¶ 38} I acknowledge that reported cases exist in which other courts have ignored this distinction and state that an affirmative defense may be the subject of a motion under Civ.R. 12(B)(6) when the circumstances are fully contained in a complaint. See *Hubbell v. Xenia*, 115 Ohio St.3d 77, 2007-Ohio-4839. However, statutes and other relevant circumstances are seldom contained in a complaint.

Obviously, if the trial court may consider only the pleadings when ruling on a Civ.R. 12(B)(6) motion to dismiss made prior to the filing of an answer, it does not have before it any affirmative defense. Civ.R. 7(A) defines pleadings, and includes only complaints and answers (and a reply if ordered). A motion is not included in that definition.

{¶ 39} "A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint." *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs*. (1992), 65 Ohio St.3d 545, 548. In order for a trial court to grant a motion to dismiss for failure to state a claim upon which relief can be granted, "it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *O'Brien v. Univ. Community Tenants Union* (1975), 42 Ohio St.2d 242, syllabus. In resolving a Civ.R. 12(B)(6) motion to dismiss, the trial court may consider only the statements and facts contained in the pleadings and may not consider or rely on evidence outside the complaint. *Estate of Sherman v. Millhon* (1995), 104 Ohio App.3d 614, 617.

{¶ 40} Finally, I would point out that Ohio requires only notice pleading. Plaintiffs are not required to anticipate all possible defenses, let alone affirmative defenses. Consequently, plaintiffs are not required to include in the complaint all circumstances that might negate potential affirmative defenses or to suffer waiver

by failure to plead them. For the trial court to consider a Civ.R. 12(B)(6) motion to dismiss on the basis of an alleged affirmative defense that has not been included in a responsive pleading, and to which a plaintiff has not had the opportunity to respond, is improper and highly prejudicial to a plaintiff.

{¶ 41} Here, the trial court considered two affirmative defenses, sovereign immunity and res judicata, which were not asserted in any responsive pleading but were instead asserted in a Civ.R. 12(B)(6) motion that the trial court converted into a motion for summary judgment. I understand that the result in the trial court might be the same had the affirmative defense been properly pleaded and argued; however, that does not negate the fact that the Rules of Civil Procedure specifically prohibit the procedure followed in this case, or the fact that a ruling on an affirmative defense was not ripe for consideration. I reiterate my position that we should not enforce rules only when it is convenient, but that we must enforce rules and statutes consistently, and as written. If we do not, the law becomes amorphous and dependent upon the whims, passions, and prejudices of the trial judge or the reviewing court.