[Cite as *Rall v. Arora*, 2013-Ohio-1392.]

## IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

THOMAS J. RALL, ET AL.,

    PLAINTIFFS-APPELLANTS,          CASE NO. 9-12-56

    v.

CHANDRA ARORA, M.D., ET AL.,

                                 O P I N I O N

    DEFENDANTS-APPELLEES.

Appeal from Marion County Common Pleas Court
Trial Court No. 11 CV 0833

Judgment Affirmed

Date of Decision:   April 8, 2013

APPEARANCES:

    *Jason A. Blue* for Appellants

    *Michael J. Romanello and Melvin J. Davis* for Appellees,
    Chandra Arora, M.D. and Midwest Internal Medicine Assoc.

    *Theodore Munsell and Karen Cadieux* for Appellees, Marion Health
    System, LLC, Marion Area Health Center and Frederick C. Smith
    Clinic

Case No. 9-12-56

**ROGERS, J.**

{¶1} Plaintiffs-Appellants, Thomas J. ("Jeffrey") and Laura Rall (collectively, "the Ralls"), appeal the judgment of the Court of Common Pleas of Marion County dismissing their claims against Defendants-Appellees, Dr. Chandra Arora and Midwest Internal Medicine Associates ("Midwest"), and granting summary judgment in favor of Defendants-Appellees, Marion Area Health Center ("the Center"), Marion Health System, LLC, ("Marion Health"), and the Frederick C. Smith Clinic, Inc. ("the Clinic") (all Appellees are collectively referred to "Appellees"). On appeal, the Ralls essentially argue that the doctrine of equitable estoppel precluded the trial court from entering these orders. The basis for the Ralls' argument is that Appellees, in order to induce the Ralls to dismiss a previous action against them, purportedly agreed to not raise a statute of limitations defense against the Ralls' claims in any subsequent action. For the reasons that follow, we affirm the trial court's judgment.

{¶2} The November 21, 2011 complaint was the third filed by the Ralls against Appellees. The Ralls' first complaint was filed on November 27, 2007 and voluntarily dismissed without prejudice by stipulation of the parties on July 13, 2009. Meanwhile, the second complaint was filed on August 10, 2009 and voluntarily dismissed by the Ralls on November 23, 2010.[1]

---

[1] We do not have the full records from these previous actions. However, from the limited record before us, it appears as though the dismissal of the first action occurred after the Ralls unilaterally dismissed one of

{¶3} On February 21, 2012, Dr. Arora and Midwest filed a motion to dismiss the Ralls' third complaint against them pursuant to Civ.R. 12(B)(6). The basis for the motion was that the statute of limitations on the Ralls' claims had expired. Dr. Arora and Midwest further argued that the Ohio savings statute did not apply to the third complaint since the Ralls had already used the statute to save their second complaint against a statute of limitations defense. Dr. Arora and Midwest also supplemented their motion by attaching the judgment entries dismissing the previous actions.

{¶4} The trial court issued an order to respond giving the Ralls 14 days in which to file their response to Dr. Arora's and Midwest's motion. They countered that their third complaint was not barred because Appellees had purportedly agreed that they would not assert a statute of limitations defense. The Ralls attached their attorney's affidavit regarding this agreement to their response. In the affidavit, the Ralls' attorney attested that "[t]his dismissal [of the first action] was contingent upon [Appellees'] counsels' agreement that my dismissal not count towards the one voluntary dismissal permitted by the Ohio Rules of Civil Procedure Rule 41(A)." (Docket No. 14, Exhibit 3, p. 1).

---

the defendants in that action pursuant to Civ.R.41(A)(1)(a). After the unilateral dismissal, the trial court filed a judgment entry in which it stated that the action was dismissed against several defendants not included in the Ralls' unilateral dismissal. According to the parties' representation at oral argument before this court, the trial court's erroneous action in this regard led to the stipulated dismissal. However, no evidence of these circumstances is present in the record before us.

{¶5} Also attached to the Ralls' opposition was the "Agreed Judgment Entry of Dismissal" filed in their first action on July 13, 2009. The judgment entry includes the following relevant language:

> The parties thereupon reached agreement on the record that the Complaint filed in this action would be dismissed without prejudice by agreement of the parties, with the Dismissal Entry to be filed on July 13, 2009. The parties further agreed that the Plaintiff would soon thereafter refile suit against these Defendants, and that all discovery that has been conducted in this action would be able to be used and transferred to the re-filed action. The parties further agreed that it is anticipated that the trial in the re-filed action between these parties would take seven trial days, and have tentatively scheduled the trial in the re-filed case to begin on February 16, 2010. (Docket No. 14, Exhibit 4, p. 1).

{¶6} While the motion was pending, Dr. Arora and Midwest filed the transcript of the pretrial conference in which the parties discussed their agreement for the dismissal of the Ralls' first action. The following relevant exchange occurred:

> Mr. Blue [Attorney for the Ralls]: * * * [W]e agree to a dismissal without prejudice to take place around July 13th.
>
> * * *
>
> The Court: Alright. Very good. And it's my understanding gentlemen that there is an agreement between the parties that this case is to be dismissed without prejudice by agreement of the parties effective on July 13, 2009 is that correct?
>
> Mr. Blue: That's correct.
>
> Mr. Romanello [Attorney for Dr. Arora and Midwest]: That's correct.

The Court: Alright. And the understanding is that the suit would very quickly thereafter be re-filed and the counsel in this case have looked at their schedules, and what the Court is willing to do is we are willing to set aside seven trial dates * * * in anticipation of the re-filed suit.
* * * Have I accurately reflected the agreement of the parties?

Mr. Blue: Plaintiff is in agreement, Your Honor.

Mr. Romanello: I'm in agreement, Your Honor.

Mr. Munsell [Attorney for the Center, Marion Health, and the Clinic]: * * * I'm in agreement as well. (Docket No. 17, p. 3-7).

{¶7} On April 3, 2012, the trial court granted Dr. Arora's and Midwest's motion to dismiss the claims against them. In the course of granting the motion, the trial court referred to evidentiary materials outside of the allegations contained in the Ralls' complaint.

{¶8} At that point, the Ralls' claims against the Center, Marion Health, and the Clinic remained. The Center, Marion Health, and the Clinic first sought judgment on the pleadings on the basis that the statute of limitations had expired. On May 10, 2012, the trial court denied their motion. On May 18, 2012, the Center, Marion Health, and the Clinic moved for summary judgment. They asserted the same grounds in support of their motion as they had in their motion for judgment on the pleadings. On August 21, 2012, the trial court granted summary judgment in favor of the Center, Marion Health, and the Clinic.

{¶9} The Ralls filed this timely appeal, presenting the following assignments of error for our review.

*Assignment of Error No. I*

**THE TRIAL COURT ERRED WHEN IT GRANTED DEFENDANTS/APPELLEES' MOTION TO DISMISS AND MOTION FOR JUDGMENT ON THE PLEADINGS WHERE DEFENDANTS WERE EQUITABLY ESTOPPED FROM MOVING TO DISMISS BASED ON THEIR REPRESENTATIONS TO PLAINTIFF'S COUNSEL.**

*Assignment of Error No. II*

**THE TRIAL COURT ERRED WHEN IT RULED THAT THE AGREED JUDGMENT ENTRY PREVENTED PLAINTIFFS FROM RE-FILING THEIR COMPLAINT WHERE ALL PARTIES HAD AGREED TO PERMIT PLAINTIFFS TO REFILE THE COMPLAINT.**

*Assignment of Error No. III*

**THE TRIAL COURT ERRED WHEN IT RULED IN FAVOR OF DEFENDANTS/APPELLEES WHERE AN ISSUE OF MATERIAL FACT EXISTED AS TO THE CIRCUMSTANCES SURROUNDING PLAINTIFF'S ABILITY TO DISMISS AND RE-FILE THEIR COMPLAINT.**

{¶10} Due to the nature of the assignments of error, we elect to address the first and third assignments of error together.

*Assignments of Error Nos. I & III*

{¶11} In their first and third assignments of error, the Ralls argue that the trial court erroneously dismissed their claims against Appellees. According to the Ralls, the trial court's orders were inappropriate due to the doctrine of equitable

estoppel. Specifically, the Ralls contend that Appellees should be estoped from asserting a statute of limitations defense because they previously stipulated to the voluntary dismissal of their first action and agreed that the Ralls could re-file their complaint. We disagree.

{¶12} Initially, we must address the Ralls' erroneous reference to the trial court's granting of a motion for judgment on the pleadings. The trial court did not grant such a motion. Indeed, it denied the Center's, Marion Health's, and the Clinic's motion for judgment on the pleadings. As such, we disregard the Ralls' reference to the trial court's granting of a motion for judgment on the pleadings.

*Procedural Defects Relating to Dr. Arora's and Midwest's Motion*

{¶13} Although the parties have not raised the procedural defects relating to Dr. Arora's and Midwest's motion to dismiss pursuant to Civ.R. 12(B)(6), their glaring nature compels us to discuss them before addressing the merits of the Ralls' arguments. Dr. Arora, Midwest, and the Ralls introduced materials outside of the complaint to support and oppose the motion to dismiss pursuant to Civ.R. 12(B)(6). Further, the trial court considered these extraneous materials and dismissed the Ralls' claims against Dr. Arora and Midwest, ostensibly pursuant to Civ.R. 12(B)(6).[2] The trial court's dismissal of these claims, however, could not

---

[2] This author's position is that a Civ.R. 12(B)(6) motion is an entirely improper vehicle for raising and arguing a statute of limitations defense. Such a defense is an affirmative defense, and affirmative defenses are, by their confessionary nature, incompatible with Civ.R. 12(B)(6) motions. *See Finn v. James A. Rhodes State College*, 191 Ohio App.3d 634, 2010-Ohio-6265, ¶ 34 (3d Dist.) (Rogers, J., concurring).

have been pursuant to Civ.R. 12(B)(6) since rulings on such motions are limited solely to the allegations contained in the complaint. *E.g.*, *State ex rel. Findlay Publishing Co. v. Schroeder*, 76 Ohio St.3d 580, 581 (1996).

{¶14} Courts, including the Supreme Court of Ohio, have previously addressed a trial court's erroneous consideration of extraneous materials in granting Civ.R. 12(B)(6) motions by finding that the trial court actually granted a motion for summary judgment. *E.g.*, *State ex rel. Scanlon v. Deters*, 45 Ohio St.3d 376, 377 (1989) (reviewing order of dismissal pursuant to Civ.R. 12(B) as a summary judgment ruling since the trial court considered materials outside of the complaint when issuing its ruling), *overruled on other grounds by State ex rel. Steckman v. Jackson*, 70 Ohio St.3d 420 (1994); *My Father's House No. 1 v. McCardle,* 3d Dist. No. 9-11-35, 2013-Ohio-420, ¶ 16 (same). We follow this guidance, and because the trial court considered improper materials in dismissing the Ralls' claims against Dr. Arora and Midwest, we treat the trial court's order as one granting summary judgment. The fact that the Ralls, Dr. Arora, and Midwest all offered extraneous evidence in support of their positions further bolsters our decision. *See* Civ.R. 61 ("The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."); *EMC Mtge. Corp. v. Jenkins*, 164 Ohio App.3d 240, 2005-Ohio-5799, ¶ 12 (10th Dist.) (finding that the failure of the trial court to

convert Civ.R. 12(B)(6) was harmless "because both parties had the opportunity to present evidence in support of their respective positions"). Additionally, we note that the Ralls have not raised this procedural error at any point in this matter and indeed they fostered the error by filing extraneous materials. *See Thomas v. Progressive Cas. Ins. Co.*, 2d Dist. No. 24519, 2011-Ohio-6712, ¶ 35 (addressing merits of the plaintiff's appeal despite procedural defects since the plaintiff was the first to offer extraneous materials and did not object to the trial court's erroneous consideration of them when granting summary judgment).

*Summary Judgment Standard*

{¶15} An appellate court reviews a summary judgment order de novo. *Hillyer v. State Farm Mut. Auto. Ins. Co.*, 131 Ohio App.3d 172, 175 (8th Dist. 1999). Accordingly, a reviewing court will not reverse an otherwise correct judgment merely because the lower court utilized different or erroneous reasons as the basis for its determination. *Diamond Wine & Spirits, Inc. v. Dayton Heidelberg Distris., Co.*, 148 Ohio App.3d 596, 2002-Ohio-3932, ¶ 25 (3d Dist.), citing *State ex rel. Cassels v. Dayton City School Dist. Bd. of Ed.*, 69 Ohio St.3d 217, 222 (1994). Summary judgment is appropriate when, looking at the evidence as a whole: (1) there is no genuine issue as to any material fact, and (2) the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). In conducting this analysis the court must determine "that reasonable minds can come to but one

conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, [the nonmoving] party being entitled to have the evidence or stipulation construed most strongly in the [nonmoving] party's favor." *Id*. If any doubts exist, the issue must be resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-59 (1992).

{¶16} The party moving for summary judgment has the initial burden of producing some evidence which demonstrates the lack of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). In doing so, the moving party is not required to produce any affirmative evidence, but must identify those portions of the record which affirmatively support his argument. *Id*. The nonmoving party must then rebut with specific facts showing the existence of a genuine triable issue; he may not rest on the mere allegations or denials of his pleadings. *Id*.; Civ.R. 56(E).

*Relevant Statute of Limitations for the Ralls' Claims*

{¶17} Since the Ralls' complaint asserts Jeffrey's claim for medical malpractice and Laura's derivative claim for loss of consortium, the one-year limitation contained in R.C. 2305.113(A) applies to their action. R.C. 2305.113(B)(1) allows this limitation to be extended 180 days if the plaintiff serves timely notice of the potential malpractice claim upon the defendants. Here, Jeffrey received the purportedly negligent medical treatment in June and July

2006, which allegedly led to a diagnosis of osteomyelitis in August 2006. Since the Ralls allege no other facts regarding the discovery of the negligent treatment, August 2006 was the latest date on which their claims accrued. Accordingly, taking into consideration the Ralls' service of the 180-day notice, the statute of limitations ran in February 2008, before the first dismissal.

*Savings Statute*

{¶18} Since the statute of limitations had expired by the time that the Ralls had filed their third complaint, we must assess the applicability of the Ohio savings statute.[3] The statute, in pertinent part, provides as follows:

> In any action that is commenced or attempted to be commenced, if in due time * * * the plaintiff fails otherwise than upon the merits, the plaintiff * * * may commence a new action within one year after the date of * * * the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later. R.C. 2305.19(A).

{¶19} Courts, including the Supreme Court of Ohio, have concluded that the savings statute may only be used once to extend the permissible time for the filing of an action. *E.g.*, *Thomas v. Freeman*, 79 Ohio St.3d 221, 227 (1997); *Hamrick v. Ramalia*, 8th Dist. No. 97385, 2012-Ohio-1953, ¶ 19; *Estate of Carlson v. Tippett*, 122 Ohio App.3d 489, 491 (11th Dist. 1997); *Hancock v. Kroger Co.*, 103 Ohio App.3d 266, 268-69 (10th Dist. 1995). The Tenth District applied this rule in *Brubaker v. Ross*, 10th Dist. No. 01AP-1431, 2002-Ohio-4396.

---

[3] We note that the parties' briefs have obfuscated the critical differences between the statute of limitations and the savings statute.

There, the plaintiff filed his first action in January 1994 and voluntarily dismissed it in January 1996, after the statute of limitations had run. Under the savings statute, he had until January 1997 to file a second complaint, which he did. However, the plaintiff voluntarily dismissed the second complaint and filed a third complaint in December 1999, which was outside of the one-year extended time period provided by the savings statute. *Id.* at ¶ 2-3. Accordingly, the court found that the savings statute did not save the plaintiff's third complaint from being time-barred since he had already used it to save his second complaint and to extend the time period for re-filing through January 1997. *Id.* at ¶ 14.

{¶20} The facts here are markedly similar to the scenario in *Brubaker*. The Ralls commenced their first action before the expiration of the statute of limitations and voluntarily dismissed it by stipulation on July 13, 2009, after the statute had run. Under the savings statute, they had until July 13, 2010 to re-file their action, which they did by re-filing in August 2009. But, the Ralls, like the plaintiff in *Brubaker*, voluntarily dismissed their second complaint and re-filed their third complaint after the savings statute's one-year time extension had expired. Since the savings statute can only be used once, the Ralls are precluded from extending the time period for filing any further. Consequently, as in *Brubaker*, the savings statute does not save the Ralls' third complaint from being time-barred.

*Equitable Estoppel*

{¶21} The Ralls attempt to avoid summary judgment by asserting the applicability of the doctrine of equitable estoppel. The doctrine of equitable estoppel requires proof of the following elements: (1) that the party to be estopped "made a factual misrepresentation; (2) that is misleading; [and] (3) induces actual reliance which is reasonable and in good faith; and (4) which causes detriment to the relying party." *MacDonald v. Auto-Owners*, 3d Dist. No. 1-12-25, 2012-Ohio-5949, ¶ 48. Courts have previously applied the doctrine to preclude a party from asserting a statute of limitations defense provided that the above elements are satisfied. *E.g.*, *Hutchinson v. Wenzke*, 131 Ohio App.3d 613, 616 (2d Dist. 1999) (finding that equitable estoppel barred the defendants from asserting a statute of limitations defense); *see also Helman v. EPL Prolong, Inc.*, 139 Ohio App.3d 231, 246 (7th Dist. 2000) ("Under Ohio law, the doctrine of equitable estoppel may be employed to prohibit the inequitable use of the statute of limitations.").

{¶22} However, a review of all the materials in the record reveals no factual representation by any of Appellees that they would abstain from asserting a statute of limitations defense if the Ralls' first action was voluntarily dismissed. Rather, the record merely shows that the parties voluntarily dismissed the first action by stipulation and agreed that the Ralls could re-file a second action. Mr. Blue's affidavit does not change this dynamic. In it, he merely stated the parties

agreed that the voluntary dismissal of the first action would not affect the Ralls' rights under Civ.R. 41(A)(1)(a), which does not implicate the statute of limitations. *See Hamrick*, 2012-Ohio-1953, at ¶ 14 ("[T]he double-dismissal rule is only one half of the equation. [The plaintiff] is still faced with the statute of limitations."). As such, the Ralls have not shown that there is a genuine issue of material fact as to whether Appellees agreed to forego any statute of limitations defense.

{¶23} The Ralls rely on *Hutchinson* and *Turner v. C. & F. Prods. Co.*, 10th Dist. No. 95AP02 (Sept. 28, 1995), in support of their position. However, both of these cases are distinguishable and we decline to apply their guidance here. In *Hutchinson*, the plaintiffs unilaterally dismissed their action before filing it again. When the second action was pending, the defendants represented that the plaintiffs could dismiss the action a second time without prejudice and re-file again. However, when the plaintiffs did file the action a third time, the defendants asserted a statute of limitations defense. *Id*. at 614-16. Upon these facts, the Second District found that the defendants were equitably estopped from asserting the defense. *Id*. at 616. In *Turner*, The Tenth District also estopped the defendants from asserting a statute of limitations defense under similar facts. *Turner*, *supra*.

**{¶24}** The procedural posture here is significantly different. The parties agreed to a stipulated dismissal of the Ralls' first action and the Clinic, Marion Health, and the Center agreed that the Ralls could re-file their action, which they did. However, unlike *Hutchinson* and *Turner*, there is no indication that the parties came to any sort of agreement as to the Ralls' right to re-file a third action when they unilaterally dismissed their second action. Without evidence of such an agreement, we find that *Hutchinson* and *Turner* are inapposite here. *See Boggs v. Baum*, 10th Dist. No. 10AP-864, 2011-Ohio-2489, ¶ 39 (finding that the defendants did not agree to toll or waive the statute of limitations so as to allow the plaintiffs to file a third action); *Frazier v. Fairfield Med. Ctr.*, 5th Dist. No. 08CA90, 2009-Ohio-4869, ¶ 39 (finding that the plaintiff's third cause of action against the defendants was time barred where the parties' stipulated dismissal of the first action did not refer to the defendants' waiver of the statute of limitations defense).

**{¶25}** In sum, the evidence in the record shows that there is no genuine issue of material fact indicating that the statute of limitations for the Ralls' claims has not expired.

**{¶26}** Accordingly, we overrule the Ralls' first and third assignments of error.

*Assignment of Error No. II*

{¶27} In their second assignment of error, the Ralls essentially argue that the trial court erred in granting summary judgment because the agreed judgment entry of July 13, 2009 did not affect the Ralls' ability to re-file their complaint. We disagree.

{¶28} The Ralls seemingly misapprehend the nature of the July 13, 2009 agreed judgment entry and the basis for the trial court's orders as implicating the dictates of Civ.R. 41(A)(1). Specifically, the Ralls appear to have concluded that the trial court based its orders on its finding that the filing of their third action was contrary to Civ.R. 41(A)(1)(a)'s double dismissal rule. Civ.R. 41(A)(1) provides, in pertinent part, as follows:

> [A] plaintiff, without order of court, may dismiss all claims asserted by that plaintiff against a defendant by doing either of the following:
>
> (a) Filing a notice of dismissal at any time before the commencement of trial * * *;
>
> (b) Filing a stipulation of dismissal signed by all parties who have appeared in the action.
>
> Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits of any claim that the plaintiff has once dismissed in any court. Civ.R. 41(A)(1).

{¶29} However, the record provides no indication that the trial court's orders were based on any potential violation of Civ.R. 41(A)(1)(a). None of

Appellees raised the applicability of the double dismissal rule in their motions and they have conceded on appeal that the rule does not apply in this matter. Further, the trial court specifically and correctly found that the Ralls' third action was not contrary to Civ.R. 41(A)(1)(a):

> [T]he first action in this Court * * * was an agreed dismissal by the parties, which was signed by the Court, pursuant to Civil Rule 41(A)(2). The second lawsuit was terminated by a Notice of Dismissal filed by the [the Ralls] pursuant to Civil Rule 41(A)(1)(a).
> The stipulated dismissal of the parties in the first case was not a unilateral dismissal, which means that the [Ralls] still had the option to use their one time Civil Rule 41(A)(1)(a) unilateral notice of dismissal in the second case, which would not be with prejudice and would not be an adjudication on the merits. * * * The [Ralls] are therefore not barred from bringing a third complaint against [Appellees] on the basis of Civil Rule 41. (Docket No. 19, p. 3-4).

Since the record indicates that the trial court did not base its orders on Civ.R. 41(A)(1)(a) and that the Ralls were permitted to file their second action, we find that there is no foundation for this assignment of error.

{¶30} Accordingly, we overrule the Ralls' second assignment of error.

{¶31} Having found no error prejudicial to the Ralls, in the particulars assigned and argued, we affirm the trial court's judgment.

*Judgment Affirmed*

**WILLAMOWSKI, J., concurs.**

**SHAW, J., concurs in Judgment Only.**

**/jlr**