[Cite as *Today & Tomorrow Heating & Cooling v. Greenfield*, 2014-Ohio-239.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HIGHLAND COUNTY

| | | |
|---|---|---|
| TODAY AND TOMORROW HEATING & COOLING, | : | Case No. 13CA14 |
| Plaintiff-Appellee, | : | |
| v. | : | DECISION AND JUDGMENT ENTRY |
| CITY OF GREENFIELD, | : | |
| Defendant-Appellant. | : | **RELEASED:  01/13/14** |

_____
APPEARANCES:

Lawrence E. Barbiere, Kurt M. Irey, and Katherine L. Barbiere, Schroeder, Maundrell, Barbiere & Powers, Mason, Ohio, for appellant.

Jon C. Hapner, Hillsboro, Ohio, for appellee.
_____
Harsha, J.

{¶1}  Today and Tomorrow Heating & Cooling ("Today and Tomorrow") filed a breach of contract action against the village of Greenfield, Ohio,[1] which appeals from the denial of its motion for summary judgment.  Greenfield claims that it is entitled to immunity on Today and Tomorrow's claim because of the broad grant of immunity to political subdivisions under the Ohio Political Subdivision Tort Liability Act, R.C. Chapter 2744.  However, the village is not entitled to the immunity because R.C. Chapter 2744 does not apply to actions to recover damages against political subdivisions or their employees for contractual liability.  R.C. 2744.09(A).

---

[1] Although Greenfield is designated as a city in the caption of the underlying case, the municipality was reclassified as a village after the 2010 census showed that its population had decreased to less than 5,000 residents.  R.C. 703.01(A); www.sos.state.oh.us/sos/upload/news/20110413.xls.

{¶2} In its reply brief, Greenfield suggests that Today and Tomorrow waived reliance on R.C. 2744.09(A) because the company failed to rely on that provision during the proceedings below. However, to prevail on its motion for summary judgment, Greenfield must be entitled to judgment as a matter of law. R.C. 2744.09(A) precludes immunity as a matter of law. Therefore, the trial court's judgment is correct even if its rationale was not.

{¶3} Finally, insofar as Greenfield belatedly argues in its reply brief that Today and Tomorrow does not state a claim for relief for breach of contract, the village is barred from raising this new argument in its reply brief. In addition, we lack jurisdiction to consider an appeal from the portion of the trial court's entry denying summary judgment on Today and Tomorrow's substantive claim for breach of contract.

{¶4} Therefore, we overrule its assignment of error and affirm the judgment denying the village's motion for summary judgment on the immunity issue.

## I. FACTS

{¶5} In 2010, the Greenfield sewer system backed up and flooded the house of Travis O'Connor, damaging his furnace and water heater. Betty Bishop, the city manager for Greenfield at the time, advised O'Connor to get a written statement for the required repairs.

{¶6} O'Connor contacted Today and Tomorrow, a sole proprietorship owned and operated by Jonathan Haney providing heating and air-conditioning service. On March 25, 2010, consistent with the city manager's instructions, Haney prepared a proposal to replace and repair the furnace and water heater for $4,125. Haney and O'Connor gave the proposal to Bishop, who told Haney to go ahead and make the

repairs.  According to Haney, Bishop told him that if Greenfield's insurance company did not pay for his work, the village would.  Haney then performed the work and billed Greenfield, but the village did not pay Today and Tomorrow.

{¶7}    In 2012, Today and Tomorrow filed a complaint against Greenfield seeking a judgment of $6,339.14 for breach of contract.  After the village filed an answer denying the allegations of the complaint and raising several defenses, including immunity, the village filed a motion for summary judgment.  In its motion, the village raised several claims, including: that it was immune from liability under R.C. Chapter 2744, that no enforceable contract existed because there was no meeting of the minds, and any oral contract was barred by the statute of frauds.  After Today and Tomorrow filed a memorandum in opposition, the trial court denied the village's motion.  The court determined that "there are issues of material fact to be decided in this case, that one of the issues is the status of the contract between the plaintiff and the defendant, that the Village is a municipality, and that the operation of the sewer system is a proprietary function of the Village, that the statute of frauds would not apply in this matter, and that immunity is not applicable to this situation."

{¶8}    Pursuant to R.C. 2744.02(C), Greenfield appeals from the judgment denying its motion for summary judgment insofar as it denied its claim of immunity under R.C. Chapter 2744.  *See Hubbell v. Xenia*, 115 Ohio St.3d 77, 2007-Ohio-4839, 873 N.E.2d 878, syllabus ("When a trial court denies a motion in which a political subdivision or its employee seeks immunity under R.C. Chapter 2744, that order denies the benefit of an alleged immunity and is therefore a final, appealable order pursuant to R.C. 2744.02(C)").

## II. ASSSIGNMENT OF ERROR

**{¶9}** Greenfield assigns the following error for our review:

THE TRIAL COURT ERRED IN DENYING SUMMARY JUDGMENT TO DEFENDANT-APPELLANT CITY OF GREENFIELD.

## III. STANDARD OF REVIEW

**{¶10}** Appellate review of summary judgment decisions is de novo, governed by the standards of Civ.R. 56. *Vacha v. N. Ridgeville*, 136 Ohio St.3d 199, 2013-Ohio-3020, 992 N.E.2d 1126, ¶ 19 (appeal from denial of motion for summary judgment based on claimed entitlement to immunity under R.C. Chapter 2744). Summary judgment is proper if the party moving for summary judgment demonstrates that: (1) there is no genuine issue or material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion is made. Civ.R. 56(C); *New Destiny Treatment Ctr., Inc. v. Wheeler*, 129 Ohio St.3d 39, 2011-Ohio-2266, 950 N.E.2d 157, ¶ 24; *Bender v. Portsmouth*, 4th Dist. Scioto No 12CA3491, 2013-Ohio-2023, ¶ 8.

## IV. LAW AND ANALYSIS

**{¶11}** In its sole assignment of error, Greenfield asserts that the trial court erred in denying its motion for summary judgment because under R.C. Chapter 2744, it is immune from liability for Today and Tomorrow's claim for breach of contract.

**{¶12}** The General Assembly enacted R.C. Chapter 2744, Ohio's Political Subdivision Tort Liability Act, to reinstate the judicially abrogated common-law immunity of political subdivisions. *See Riffle v. Physicians and Surgeons Ambulance Service, Inc.*, 135 Ohio St.3d 357, 2013-Ohio-989, 986 N.E.2d 983, ¶ 14-15. R.C. Chapter 2744

establishes a three-step analysis to determine whether a political subdivision is immune from liability. *Supportive Solutions, L.L.C. v. Electronic Classroom of Tomorrow*, 137 Ohio St.3d 23, 2013-Ohio-2410, 997 N.E.2d 490, ¶ 11. First, the general rule is that a political subdivision is immune from liability incurred in performing either a governmental or proprietary function. R.C. 2744.02(A)(1). Second, the court must determine whether any of the exceptions to immunity listed in R.C. 2744.02(B) apply to expose the political subdivision to liability. Third, if any of the R.C. 2744.02(B) exceptions to immunity apply, the court decides whether any of the defenses in R.C. 2744.03 apply to preclude liability.

{¶13} Greenfield contends that it is immune from liability for Today and Tomorrow's breach-of-contract claim because the village is covered by the general immunity provision of R.C. 2744.02(A)(1), none of the R.C. 2744.02(B) exceptions to immunity apply, and even if one of the exceptions applies, R.C. 2744.03(A)(3) provides the village with a defense to the exception.

{¶14} However, the village's argument is meritless because R.C. Chapter 2744 does not apply to contract claims against a political subdivision. "R.C. Chapter 2744 generally shields political subdivisions from *tort liability* in order to preserve their fiscal integrity." (Emphasis added.) *Riscatti v. Prime Properties Ltd. Partnership*, 137 Ohio St.3d 123, 2013-Ohio-4530, 998 N.E.2d 437, ¶ 15. R.C. 2744.09(A) specifies that R.C. Chapter 2744 "does not apply to, and shall not be construed to apply to * * * [c]ivil actions that seek to recover damages from a political subdivision or any of its employees for *contractual* liability." (Emphasis added.) "R.C. 2744.09(A) has been consistently interpreted to mean that political subdivisions cannot claim governmental

immunity for breach of contract claims." *See E. Liverpool v. Buckeye Water Dist.*, 7th

Dist. Columbiana App. Nos, 11 CO 41 and 11 CO 42, 2012-Ohio-2821, ¶ 47, and

cases cited there; *see also Emergency Med. Transport, Inc. v. Massillon*, 5th Dist. Stark

No. 2010CA00176, 2011-Ohio-446, ¶ 28 ("Ohio Revised Code Chapter 2744 grants

immunity to political subdivisions and their employees from tort claims, but has no

application to claims for breach of contract"); *Cobb v. Mantua Twp. Bd. of Trustees*,

11th Dist. Portage No. 2003-P-0112, 2004-Ohio-5325, ¶ 33 ("R.C. Chapter 2744 grants

immunity to political subdivisions and their employees from tort claims. However, R.C.

Chapter 2744 does not provide immunity from claims for breach of contract").

{¶15} In its initial brief, Greenfield concedes that Today and Tomorrow's claim is

one for breach of a contract made by its then city manager for the payment of repairs to

O'Connor's furnace and water heater. Therefore, under the plain language of R.C.

Chapter 2744.09(A), the village could not establish immunity under R.C. Chapter 2744

on Today and Tomorrow's claim for breach of contract.

{¶16} Greenfield next suggests that by not specifically raising R.C. 2744.09(A) in

the proceedings below, Today and Tomorrow waived relying on that provision on

appeal. We rejected this contention in *Long v. Hanging Rock*, 4th Dist. Lawrence No.

09CA30, 2011-Ohio-5137, ¶ 33, by noting that the R.C. Chapter 2744 immunity issue

"involves a purely legal question that we review de novo" and that "we have authority to

review the trial court's decision and to state an additional rationale for upholding the trial

court's decision to deny [appellant village] summary judgment." In order to prevail on its

motion for summary judgment, Greenfield must be entitled to judgment as a matter of

law. However, R.C. 2744.09(A) clearly precludes immunity in this context as a matter of

law.  Thus, even if the trial court relied on an erroneous rationale, reversal of its judgment on the immunity issue is not warranted.  *Stammco, L.L.C. v. United Tel. Co. of Ohio*, 136 Ohio St.3d 231, 2013-Ohio-3019, 994 N.E.2d 408, ¶ 51 ("a reviewing court should not reverse a correct judgment merely because it is based on erroneous reasons").

**{¶17}**  Finally, insofar as Greenfield attempts to claim in its reply brief that Today and Tomorrow's claim "is not, however, a claim for contractual liability," the village's argument is contradicted by its initial appellate brief, which specifies that the underlying claim is for breach of contract.  Moreover, an appellant may not use a reply brief to raise new issues or assignments of error.  *Blair v. Cincinnati Ins. Co.*, 163 Ohio App.3d 81, 2005-Ohio-4323, 836 N.E.2d 607, ¶ 6 (4th Dist. Scioto).  More importantly, we lack jurisdiction to consider the propriety of the trial court's denial of the village's motion for summary judgment on the issue of whether Today and Tomorrow's claim for breach of contract stated a claim for relief.  *See Riscatti*, 137 Ohio St.3d 123, at ¶ 20 ("Although our prior decisions have interpreted R.C. 2744.02(C) broadly in favor of early appeal, they have always been tethered directly to the defense of immunity, not to other defenses").  Finally, Today and Tomorrow sufficiently pleaded a case in contract that was outside of and excepted from the immunity provisions of R.C. Chapter 2744.  *See Finn v. James A. Rhodes State College*, 191 Ohio App.3d 634, 2010-Ohio-6265, 947 N.E.2d 236 (3d Dist. Allen), ¶ 25.

**{¶18}**  Therefore, Greenfield's assignment of error is meritless and we overrule it.

V.  CONCLUSION

{¶19}  Accordingly, we affirm the judgment of the trial court, which correctly denied the village's motion for summary judgment because political subdivision immunity is inapplicable to claims for breach of contract.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Highland County Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, J. & Hoover, J.:  Concur in Judgment and Opinion.


For the Court



BY:        _____
                William H. Harsha, Judge




### NOTICE TO COUNSEL


**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**